26 So.2d 905

## TIDMORE v. TIDMORE.

### 7 Div. 868.

Supreme Court of Alabama.
June 27, 1946.

E. G. Pilcher and Orme & Porter, all of Gadsden, for appellee.

Roberts, Cunningham & Hawkins, of Gadsden, for appellant.

FOSTER, Justice.

This is an appeal from a decree of the circuit court in equity refusing to reduce the weekly allowance made by agreement of parties in a decree of divorce rendered September 8, 1945.

Petitioner in this proceeding was the husband of Louise Tidmore. They had been married about eleven years, and had three children, ages ten, seven and five. The ground for divorce was cruelty, not resisted by petitioner. He agreed that alimony for the support of the wife and

three children be fixed at twenty-five dollars a week, and that the custody of the children be awarded to complainant. He was a skilled worker at the Goodyear plant near Gadsden, and during 1945 up at least through May, he was earning an average of approximately sixty dollars a week, which he testified continued up until the date of the decree. But he says from that time on his earnings were greatly reduced, and that there was a labor dispute and changes made in the wage status; but no details were given. He offered wage slips for three weeks, dated December 16th, December 23d, and December 30, 1945, showing gross earnings of $41.80, $39.66, and $23.09, respectively, and testified his average weekly earnings were $32 to $33.

The evidence was taken on the trial in early January, 1946. He also testified that on November 12, 1945, sixty-four days after the divorce he was remarried, and his second wife also worked for Goodyear, as did his first wife, each earning $15 to $20 a week. His first wife then lived with her mother, a widow, in a house they rented and paid $10 a month. Her father was dead, and left a farm on Sand Mountain, and her mother and she were the only heirs. It does not appear what income was received from it or whether Louise received any of it. The trial court refused to allow that inquiry. But it does not appear that there was any change in that condition after September 8, 1945, the date of the decree, so that the inquiry was not important on this hearing. He had paid the allowance regularly up to the time of the hearing. The trial court refused to disturb the amount as made in the decree of September 8th, and this appeal resulted.

 We are inclined to agree that petitioner had not waited long enough to fix a permanent change in his average weekly earnings to justify a change in the allowance. Of course his remarriage adds nothing to his claim. Aiken v. Aiken, 221 Ala. 67, 127 So. 819. That is probably the direct cause for seeking a reduction. We think that there should be a more extended period to ascertain the permanent average weekly earnings of petitioner before he should be allowed a reduction on account of his decreased earnings. We know that there has been no great change in economic conditions which is likely to cause decreased earnings of employees of large industries, and his decreased earnings should not be staged by him to accomplish the result here sought.

 A decree fixing alimony in accordance with the parties' agreement will not be modified except for clearly sufficient reasons, and application therefor should be subjected to a thorough investigation. Worthington v. Worthington, 224 Ala. 237, 139 So. 334.

The decree is affirmed.

Affirmed.

All the Justices concur.