55 So.2d 194

### MANERY v. MANERY.

1 Div. 465.

Supreme Court of Alabama.

Nov. 23, 1951.

Arthur C. Epperson, Foley, for appellant.

Rickarby & Rickarby, Fairhope, for appellee.

LAWSON, Justice.

Una Mae Manery filed her bill in the circuit court of Baldwin County, in equity, against her husband, James Hubert Manery, seeking absolute divorce, custody of the children, support and maintenance for the children, and counsel fees.

Decree pro confesso was entered on January 12, 1951, and final decree rendered on January 15, 1951. The final decree awarded complainant a divorce and the custody of the children. Respondent is required to pay to complainant the sum of $12 per week for the support and maintenance of the children and to pay certain expenses incident to their welfare not necessary to enumerate here. The final decree contains the following provision: "This Court reserves control of this cause for such further orders as may from time to time seem to the best interest of all parties concerned."

On March 13, 1951, nearly two months after the final decree was rendered, respondent filed what is termed a motion for rehearing. The prayer of the motion is as follows: "Wherefore your petitioner prays that your Honor will grant a rehearing of said cause at such time as may be convenient to be fixed by the Court; that upon such rehearing the decree complained of may be vacated; that if a rehearing is denied your petitioner in this cause, that additional time be granted your petitioner to appeal the said original adverse decree in this cause of which your petitioner is justly complaining."

On April 12, 1951, the trial court entered the following decree:

"This cause coming on to be heard this day upon the petition of Defendant, James Herbert Manery, that the decree of divorce in this cause rendered January 15, 1951 be vacated and a rehearing of the cause ordered, and it appearing to the Court that said petition fails to show proper grounds whereby the prayer of the petition should be granted:

"It is, therefore, Ordered, Adjudged and Decreed by the Court that the prayer of said petition to vacate the decree of divorce be, and the same is hereby, denied.

"It is further ordered, adjudged and decreed that the time in which Defendant may appeal to the Supreme Court from the decree of divorce in this cause be extended for thirty days from this date and that Defendant may appeal from said decree at any time prior to May 12, 1951 upon filing proper bond for said appeal satisfactory to the Register of this Court."

Appeal from the decree rendered on January 15, 1951, was taken on May 7, 1951.

Submission here was on motion of appellee to dismiss the appeal on the ground that it was not taken within the time provided by law.

The time for taking an appeal from decree granting divorce is within sixty days from the date upon which such decree of divorce was rendered. § 789, Title 7, Code 1940; Moor v. Moor, 211 Ala. 56, 99 So. 316.

The time in which an appeal may be taken is suspended pending a ruling on an application for rehearing duly filed under Equity Rule 62, Code 1940, Tit. 7 Appendix. Gavin v. Hughes, 249 Ala. 126, 30 So.2d 245.

But Equity Rule 62 provides that "A party desiring a rehearing of a cause after decree must file application for rehearing with the register and present same to the judge who rendered the decree *within thirty days from the date of said decree*." (Emphasis supplied.) In Hinson v. Hinson, 253 Ala. 131, 43 So.2d 130, application or motion for rehearing was filed more than thirty days after decree was rendered. Appellant took the position that the filing of this application or motion interrupted the running of the statute fixing the limitations within which the appeal could be taken. We did not agree. We held that the motion or application for rehearing was inefficacious to interrupt the running of the statute, since it was not filed within thirty days from the date of the decree appealed from.

Appellant's argument to the effect that counsel for appellee has waived the delay in filing the application for rehearing is unavailing. Reliance is had upon the case of Van Schaick v. Goodwyn, 230 Ala. 687, 163 So. 327, where it was said: "It is also settled that while the circuit court, as a court of equity, is always open for the transaction of business before it, nevertheless, for the purpose of granting rehearings, section 6636 and section 6670 of the Code establish in every cause a new term of the chancery court of 30 days' duration, beginning on the day of each final decree, and after the expiration of 30 days, the court is without power to grant such rehearing, unless opposing counsel waive the delay, or unless jurisdiction is retained by the decree. Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664; Ex parte Howard (Howard v. Ridgeway et al.), 225 Ala. 106, 142 So. 403."

Even if it be assumed that counsel can waive the requirement that application for rehearing must be filed within thirty days, there is nothing in this record showing any waiver on part of counsel for appellee. The record must affirmatively show waiver. In Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 555, 119 So. 664, 665, it was said: "If we should treat the memorandum granting the motion to dismiss as a formal order to that effect, the motion to reinstate, being acted upon on March 6, 1928, more than 30 days thereafter, the record not showing that appellee participated in the hearing, or otherwise waived the discontinuance of the motion, the order of the court denying the motion could not be reviewed, even if it were such an order as would otherwise support an appeal."

The inclusion in the decree of the provision heretofore set out to the effect

that the court reserves control of the cause for further order as may from time to time seem to the best interest of all parties concerned, obviously had no reference to that part of the decree wherein complainant was divorced from respondent. Such provision was no doubt incorporated into the decree under the belief that it was necessary in order to enable the court to modify the terms of the decree as to custody of the children and their support and maintenance to meet changed conditions. Of course, the court has such power without expressly reserving it. Hardy v. Hardy, 250 Ala. 297, 34 So. 2d 212.

The trial court was without power to extend the time for taking the appeal from the decree of January 15, 1951.

Since the appeal was not taken within sixty days from the date on which the decree of divorce was rendered, and the motion for rehearing was inefficacious to suspend the running of the statute fixing the limitations within which the appeal could be taken, the motion of appellee to dismiss the appeal must be granted and the appeal dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.