74 So.2d 423

**Daniel L. STEWART, Jr.,**

v.

**Edna H. STEWART.**

**6 Div. 674.**

Supreme Court of Alabama.

Aug. 30, 1954.

Ralph Roger Williams, Tuscaloosa, for appellant.

A. K. Callahan, McQueen & McQueen, Jas. Morrisette, Hugh W. Roberts, Jr., Tuscaloosa, for appellee.

MERRILL, Justice:

This is an appeal from a decree of the Circuit Court of Tuscaloosa County, in Equity, denying appellant's petition for modification of a decree of divorce awarding support and maintenance payments to his two minor children.

The appellee was awarded a divorce August 16, 1949, on the grounds of cruelty. The decree ordered appellant to pay $100 per month for the care, support and maintenance of his two minor children. Following the divorce appellant remarried in December 1949 and there has been born to that marriage two children. One of the said children died in January 1953 and the other is now three years old. Appellant's present wife is expecting another child.

Appellant's petition to reduce the $100 per month support payment alleges a change of circumstances. He avers that at the time of the divorce in August 1949 he was a First Lieutenant in the Army and was making $327.00 per month. While in the Army his salary increased until in 1951 he was promoted to captain and earned $520.98 per month. He was separated from the Army in February 1953. As a civilian he has worked at various jobs and has consistently earned over $300.00 per month. His present salary is $340.00 per month. It is averred that his savings have been depleted, he has gone into debt, assumed other obligations, remarried and now has children by his second wife. The petition shows that he has life insurance policies totaling $32,000 on which the monthly premiums amount to $52.11. Other averments show in detail the ordinary household and living expenses of petitioner and his second wife and child.

Appellee filed answer to the petition, praying that appellant be ordered to show cause why he should not be cited for contempt of court for failure to pay support payments in arrears amounting to $295, and by cross bill asked that the monthly payments be increased from $100 to $200 per month.

The parties agreed to have the petition to modify and the contempt citation heard together. The testimony was taken orally before the court upon the petition, answer, cross petition and citation to show cause and a decree was rendered ordering that the $100.00 per month payments be continued without modification and that appellant be held in contempt of court for failure to pay back payments. A further hearing was set before sentencing appellant to allow him to purge himself of contempt.

There are seven assignments of error all to the effect that the trial court erred in failing to modify the original decree and in refusing to reduce the support and maintenance payments.

The decree of the trial court on testimony ore tenus will not be disturbed unless plainly wrong. 2 Alabama Digest, Appeal & Error, ☞1009(1). The trial court can in its discretion modify an original award of alimony in a divorce decree on proof of changed circumstances of parties, one or both, but unless the discretion

is abused, an order denying modification will not be reversed on appeal. Jones v. Jones, 251 Ala. 179, 36 So.2d 310; Buttrey v. Buttrey, 214 Ala. 465, 108 So. 35.

We mention briefly some of the highlights of the evidence to answer the appellant's main contentions. He claims that his financial circumstances have materially and drastically changed for the worse since the divorce decree was rendered, yet the petition itself avers that when the original decree was rendered, appellant was earning as a First Lieutenant in the Army $327 per month. From that time until he was discharged his pay increased and he was a Captain from late 1951 until he was separated in February 1953, earning during this period $520.98 per month. Since separation from the Army he has earned over $300 per month and is now earning $340 per month. It is plain that appellant's earnings have increased since the original decree was rendered.

██ Appellant argues strongly that the trial court found the present financial difficulties of appellant to be the direct result of his remarriage and therefore the trial court would not consider the changed conditions. The fact that a divorced husband has remarried is a circumstance that may be considered in weighing the equities of the situation when he requests the court to reduce support and maintenance payments to minor children. Garlington v. Garlington, 246 Ala. 665, 22 So.2d 89; Keith v. Paden, 255 Ala. 294, 51 So.2d 9; Jones v. Jones, 251 Ala. 179, 36 So.2d 310; Morris v. Morris, 240 Ala. 399, 199 So. 803; 17 Am.Jur., Divorce and Separation, § 703, p. 534; 27 C.J.S., Divorce, § 322 b, p. 1245. However, although the cases hold that remarriage may properly be considered, they unanimously hold that the fact that the husband has remarried, thereby increasing his expenses, is not such a change in condition of the parties as to justify a modification of the original support decree. Colton v. Colton, 252 Ala. 442, 41 So.2d 398; Ramsey v. Kitchens, 249 Ala. 609, 32 So.2d 361; Tidmore v. Tidmore, 248 Ala. 150, 26 So.2d 905; Aiken v. Aiken, 221 Ala. 67, 127 So. 819. We think the decree affirmatively shows that the trial court, while giving consideration to appellant's remarriage, did not base the refusal to modify the decree on that single fact.

Moreover, the decree of the trial court plainly shows that much more than the remarriage was considered. It found that appellant's two minor children were of school age and that the $100 per month plus their mother's earnings was their only means of support and that the same was in fact inadequate to support them. Their mother testified that both children were attending school and required more money now than when the original support decree was made. She testified as to their requirements of housing, food, clothing, school supplies and medical care. There was evidence that there was no relative to assist her in raising her children.

The decree of the trial court should be affirmed.

Affirmed.

LAWSON, SIMPSON and STAKELY, JJ., concur.