74 So.2d 420

**Mable Lois HARTSFIELD**

v.

**Harvard Weeks HARTSFIELD.**

6 Div. 704.

Supreme Court of Alabama.

Aug. 30, 1954.

Bryan Chancey and Chas. B. Aycock, Birmingham, for appellant.

Geo. I. Case, Jr., McGowen & McGowen, Birmingham, for appellee.

MERRILL, Justice.

Appeal from a decree of the Circuit Court of the Tenth Judicial Circuit, in Equity, modifying a decree of divorce.

Mrs. Hartsfield, the appellant and original complainant, married Mr. Hartsfield, the appellee and original respondent, in 1932. In 1952 they were divorced and executed an agreement which was made a part of the divorce decree. It was agreed that Mrs. Hartsfield was to be awarded the custody of their only minor child, a boy 13 years of age. Mr. Hartsfield agreed to pay $25 per week for the support and maintenance of his son and $25 per week as alimony to Mrs. Hartsfield. A property settlement was also provided for in the agreement.

The present proceedings were begun by Mrs. Hartsfield in September 1953 when she

filed a petition praying for a contempt citation to issue to the appellee because of his failure to keep his alimony payments current and showing that he was approximately $250 in arrears. The appellee filed a petition to modify the final decree of divorce showing that the minor child had been living with him with the appellant's consent and asking to be relieved of any further alimony payments. Appellant countered by filing a written motion asking that her alimony payments be increased from $25 to $35 per week.

Testimony was taken ore tenus before the court on all the matters pending and the decree of the court denied the contempt citation; denied Mrs. Hartsfield's petition to increase the amount of alimony payments; granted Mr. Hartsfield the custody of the minor child, which was agreed to by both parties; found that Mr. Hartsfield was in arrears in the amount of $200, ordered this sum paid and then decreed that his alimony payments to Mrs. Hartsfield should be discontinued, and finally awarded Mrs. Hartsfield's request for solicitor's fees in the amount of $100.

We have carefully reviewed the testimony which is set out in the abridged record. It is our opinion that the decree of the circuit court should be affirmed in all respects, except that we do not think that the alimony payments of $25 per week should be discontinued. Mrs. Hartsfield was not working at the time of the separation and divorce. She received approximately $2,000 by virtue of a property settlement derived chiefly from the sale of their jointly owned home and she went to school four months to learn to use a comptometer. At the time of the hearing she was employed by Hill Grocery Company and her take home pay was $35 per week. She itemized her monthly expenses as being $212.20 per month and stated that she was having to go into the balance of the $2,000 in order to make ends meet.

Mr. Hartsfield testified that at the time of the divorce and the making of the agreement he owned a ⅛th interest in the Hartsfield Printing Company which was largely owned by his father, and was making $100 per week as a salesman for the company. In 1953 Hartsfield Printing Company was sold and the appellee received $13,000 for his interest. He and his father continued to work for the new owners, he making $150 per week until July 1953. When friction arose there he and his father resigned. In August they purchased American Printing Company, his father investing $30,000 and he $4,000. He testified that he held some office in American Printing Company, but did not know what it was. He did not know the par value of the stock which he held. He worked for American Printing Company at a salary carried on the books at $150 per week but he actually drew no money. He drives a 1953 Pontiac automobile for both business and pleasure which belongs to the company. He testified that he had no money of his own in the bank but that he did have $5,000 on deposit in a savings account in his name. He further testified that he had remarried and that he was presently living on his savings and what his second wife made.

His father testified that the appellee had a 10% interest in the business and that they were not making any money at the time of the hearing because it was a new business, but that he expected the company to be a going concern and expected to pay all of his son's back salary as carried on the books.

We are aware of the presumption that is accorded a decree like the one before us and that the trial court can in its discretion modify an original award of alimony in a divorce decree on proof of changed circumstances of the parties, one or both, and unless the discretion is abused the action will not be reversed on appeal. Stewart v. Stewart, Ala.Sup., 74 So.2d 423 [1]; Jones v. Jones, 251 Ala. 179, 36 So.2d 310. This court said in Colton v. Colton, 252 Ala. 442, 41 So.2d 398, 399:

"It is equally well settled that an agreement of the parties fixing the amount of such alimony becomes merged into the decree, and thereby loses the contractual nature at least to the

1. Ante, p. 374.

388

extent that the court has the power to modify the decree when changed conditions so justify. Morgan v.. Morgan, 211 Ala. 7, 99 So. 185; Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911; Worthington v. Worthington, supra, 224 Ala. 237, 139 So. 334, Adams v. Adams, supra [229 Ala. 588, 159 So. 80]; Garlington v. Garlington, supra [246 Ala. 665, 22 So.2d 89]. But a decree fixing alimony in accordance with the parties' agreement will not be modified except for clearly sufficient reasons, and application therefor should be subjected to a thorough investigation. Worthington v. Worthington, supra; Tidmore v. Tidmore, 248 Ala. 150, 26 So.2d 905.

"Modification of such a decree can only be ordered on proof of change of conditions of the parties, one or both, as the decree is final as to the conditions existing at the time, since existing conditions are presumed to have been considered upon the rendition of the decree. Morgan v. Morgan, supra; Ex parte Allen, supra [221 Ala. 393, 128 So. 801.].

"The fact that the husband has remarried, thereby increasing his expenses, is not such a change in condition of the parties as to justify a reduction of the alimony due the former wife. Aiken v. Aiken, supra, [221 Ala. 67, 127 So. 819]; Morris v. Morris, 240 Ala. 399, 199 So. 803; Tidmore v. Tidmore, supra."

We do not think the appellee carried the burden of showing a sufficient change of circumstances to authorize a modification of the decree, and the lower court was plainly in error in decreeing a discontinuance of the alimony payments.

One of the assignments of error makes the point that the $100 solicitor's fee allowed was inadequate. We do not concern ourselves with this assignment of error because no evidence was offered as to reasonable compensation for such services and the solicitor for the complainant made the following statement to the court at the hearing: "Judge, my lawyer got away from me again, about the attorney's fees. I will just leave that to the sound discretion of the court, if the court feels that I am entitled to anything." We do not consider that the court abused its discretion in allowing the sum of $100.

The decree of the circuit court, in equity, modifying the former decree in that the alimony payments were discontinued, is reversed, and the allowance is restored to its original amount of $25 payable weekly and to be paid beginning as of the 6th day of January, 1954, the date of the decree appealed from. In all other respects the decree is affirmed. The cause is remanded for the redrafting of the decree in accordance with this opinion.

Affirmed in part, reversed in part and remanded with directions.

LAWSON, SIMPSON and STAKELY, JJ., concur.