110 So.2d 248

**Cuba William GAMBRELL**

v.

**Geneva E. GAMBRELL.**

**6 Div. 331.**

Supreme Court of Alabama.
March 19, 1959.

Roger F. Rice, Birmingham, for appellant.

**672**

Huey, Stone & Patton, Bessemer, for appellee.

GOODWYN, Justice.

■ On August 13, 1956, the circuit court of Jefferson County, Bessemer Division, in equity, rendered a decree of divorce in favor of Geneva E. Gambrell (appellee) against Cuba William Gambrell (appellant). The decree ordered appellant to pay to appellee "the sum of $250 per month, in advance, beginning on September 1, 1956, and on the first day of each month thereafter, as alimony for complainant and for the support and maintenance" of the parties' four minor children, viz.: Loretta, 15 years of age; Ronnie, 7 years of age; Donnie, 5 years of age; and Sandra, 3 months old, whose custody was awarded to appellee. On June 5, 1958, appellant filed a petition seeking a modification of the alimony and maintenance award. The petition for modification is based on an alleged material reduction in appellant's income; that when the award was made "he was employed by two companies, viz.: T. C. I. and Veitch Machine Company, and that his average earnings per month were approximately $1,000"; that at the present time "his average monthly earnings approximate less than $400 in that he has been laid off from Veitch Machine Co., and is only working part time for the T. C. I."

Testimony on the petition was taken orally before the trial court. The parties were the only witnesses. It developed in the testimony that the oldest child, although not quite 17 years of age, had married and was not living with appellee. The decree on the petition, rendered on July 25, 1958, recites that "the court is of the opinion that the prayer for relief in the petition should be granted due to a material change in the circumstances since the rendition of the final decree on August 13, 1956". It then provided for amendment of the decree of August 13, 1956, by reducing from $250 to $225 the amount of monthly payments to be made by appellant "as alimony for complainant and

for the support and maintenance of the three minor children that are now in the custody of the complainant."

Although appellant secured a reduction in the amount of the monthly payments, he insists that the reduction is insufficient to meet the change in his financial circumstances. Although the petition alleges that his average monthly earnings have decreased from $1,000 to less than $400, this allegation is not supported by the evidence. For the six months period of January through June, 1958, it clearly appears from the evidence that appellant's earnings from the Tennessee Coal and Iron Division of United States Steel Corporation ($3,182.36) and the Veitch Machine Company, Inc. ($1,139.17) totalled $4,321.53. After certain payroll deductions the net amount paid to appellant by these two companies for the six months period immediately prior to the decree was $3,777.34. Accordingly, the monthly net earnings approximated $630. In addition, appellant receives income of about $425 a year by way of interest on his savings of $10,000. There is also evidence showing that appellant has recently received cost of living increases in his pay.

■ We have held that the granting or denying of an application for modification of a decree for alimony or maintenance on the ground of a change in the financial circumstances or needs of a party rests in the sound discretion of the trial court. Stewart v. Stewart, 261 Ala. 374, 375–376, 74 So.2d 423; Hartsfield v. Hartsfield, 261 Ala. 386, 387, 74 So.2d 420; Jones v. Jones, 251 Ala. 179, 181, 36 So.2d 310, 312.

■ Considering all of the evidence in the case, taken orally before the trial court, as already noted, we cannot say that there has been an abuse of discretion in not granting a more substantial reduction in the monthly payments. As said in Jones v. Jones, supra:

"The court had the power in its judicial discretion to modify the original

award on proof of changed conditions of the parties, one or both, but unless such discretion is abused, an order denying modification will not be disturbed on review. Ramsey v. Kitchens, 249 Ala. 609, 32 So.2d 361."

The trial court ordered appellant to pay a fee of $75 to appellee's attorney for representing her in the "litigation involving the two petitions to modify the final decree of divorce." (On June 6, 1957, appellant filed a petition for modification of the decree of August 13, 1956, with respect to his right of visitation and also for modification of the award of alimony and support and maintenance. A decree was rendered on June 26, 1957, further defining appellant's right of visitation and without any affirmative action being taken on the prayer for modification of the monetary award. It is apparent that the principal relief there sought concerned appellant's right of visitation.) Appellee has filed a petition here praying that this court allow her a reasonable fee for her solicitors of record for representing her on this appeal. We think it appropriate, under the circumstances of this case, that an additional allowance of $100 be awarded appellee for payment to her counsel for services in representing her on this appeal. See: Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700, 704(14); Keith v. Paden, 255 Ala. 294, 298, 51 So.2d 9; Steiner v. Steiner, 254 Ala. 260, 266(9), 48 So.2d 184; Sims v. Sims, 253 Ala. 307, 311–312(5), 45 So.2d 25, 15 A.L.R.2d 1246; Walling v. Walling, 253 Ala. 337, 340(6), 45 So.2d 6; Ex parte Taylor, 251 Ala. 387, 389(2), 37 So.2d 656; Windham v. Windham, 234 Ala. 309, 311, 174 So. 500.

The decree appealed from is affirmed, with an allowance of an additional fee of $100 for appellee's counsel.

Affirmed, and allowance made for an additional solicitor's fee.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.