174 So.2d 319

Abraham MENCER

v.

Edna MENCER.
5 Div. 797.

Supreme Court of Alabama.

April 15, 1965.

Russell, Raymon & Russell, Tuskegee, for appellant.

Sankey & Sankey, Montgomery, for appellee.

MERRILL, Justice.

This appeal is from a decree refusing to modify materially an original divorce decree as to the provisions requiring the husband to support his three children who were in the custody of appellee, his former wife, during the school months of each year. The petition to modify was filed May 8, 1964, and the decree appealed from was rendered on June 29, 1964.

In the original divorce decree, the custody of the parties' three minor children, now ages nine, six and three years, was granted to appellee during the school months and to the appellant during June, July and August of each year with the exception that the appellant would not be allowed the custody until the youngest child becomes four years of age which will be in May of 1965. The original decree was rendered on March 22, 1963, and among other things ordered appellant to pay appellee $200.00 a month for twelve months through the month of March, 1964,

and beginning with the month of April, 1964, the monthly payments were increased to $250.00 a month. These payments were for the support of the children, the appellee being denied any alimony.

The trial court held that "there was not a sufficient change of conditions and circumstances since the divorce decree of March 22, 1963 to justify" a modification of the decree; but the court did reduce the amount of support payments from $250.00 to $150.00 per month for the months of June, July and August of each year.

There are three assignments of error on this appeal. The first is based on the refusal of the trial court to grant appellant a reduction in the amount of monthly support payments for the benefit of his children during the school months of each year; the second is based on the refusal of the court to reduce below $150.00 the amount of support payments to be made for the children's benefit during the months of July and August of 1964; and the third is based on the refusal of the court to terminate the payments for the support of the minor children during the months of June, July and August of each year beginning in 1965.

Both parties have remarried, the husband in December, 1963, and the appellee in April, 1964. Appellant resides in Tuskegee with his present wife and her thirteen year old son by a former marriage, and appellee resides with her husband in Montgomery.

Appellant is a captain in the Air Force. When the divorce decree was rendered his net income was $555.00 per month and at the trial in the instant case $625.00 per month. His present wife works at the Veterans Administration Hospital in Tuskegee and earns approximately $260.00 per month.

Appellee's present husband is a professor at Alabama State College and his average net income is about $527.00 per month, plus small amounts he is paid when he occasionally preaches at churches. He is pay-ing $100.00 per month for the support of his child or children by a former marriage.

Appellant has never been required to pay alimony to appellee and her claim for alimony was denied in the original decree of divorce; but his main contention is that his expenses have increased since his remarriage and his changed circumstances warrant a modification of the original decree.

■ The fact that a divorced husband has remarried is a circumstance that may be considered in weighing the equities of the situation when he requests the court to reduce support and maintenance payments for minor children. But the fact that the husband has remarried, and thereby increased his expenses, is not such a change in the condition of the parties as to justify a modification of the original support decree. Stewart v. Stewart, 261 Ala. 374, 74 So.2d 423, and the numerous cases cited in support of both statements supra.

■ The decree of the trial court on testimony ore tenus will not be disturbed unless plainly wrong. Stewart v. Stewart, supra. The trial court can, in its discretion, modify an original award of alimony or support in a divorce decree on proof of changed circumstances of parties, one or both, but unless the discretion is abused, an order will not be reversed on appeal. Stewart v. Stewart, 261 Ala. 374, 74 So.2d 423; Hartsfield v. Hartsfield, 261 Ala. 386, 74 So.2d 420; Jones v. Jones, 251 Ala. 179, 36 So.2d 310.

■ We agree with the trial court that appellant failed to show sufficient change of conditions to justify any more modification in the original decree than that made by the court, and we cannot say that the trial court abused its discretion in the result reached in the decree on the petition for modification.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.