175 So.2d 772

**Oscar Alling MOCKRIDGE**

v.

**Dominique Lathrop MOCKRIDGE.**

**6 Div. 156.**

Supreme Court of Alabama.

May 27, 1965.

Bryan A. Chancey, Birmingham, for appellant.

Whitmire, Morton & Coleman, Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a decree modifying that part of an original divorce decree deal-

ing with the custody, visitation rights and support and maintenance of the parties' small daughter, who was seven months of age when the original decree was rendered on June 7, 1961, in favor of the mother on the ground of cruelty.

An agreement of the parties, made a part of the original decree, gave custody of the child to the mother, appellee here, with the right of reasonable visitation accorded to the father, appellant here. It also provided that when the child reached the age of three years and thereafter, the child should spend "three weeks of each year" with appellant. The sum of $125 per month was awarded appellee for the support and maintenance of the child.

Appellant's petition to modify prayed:

(a) That the award to appellee for the support and maintenance of the child be reduced;

(b) That the custody of the child be awarded to appellant, the father;

(c) That in the event the custody of the child is not awarded appellant that the child be required to spend three months of each year with appellant;

(d) That the visitation period granted appellant be specifically defined; and

(e) That during the period of visitation appellant be allowed to visit the child alone.

Appellee filed a cross petition seeking sole custody of the child with right of reasonable visitation and general relief including solicitor's fees.

The trial court, after a hearing with the witnesses before him, decreed in part:

"3. That pending the further orders of the Court, the provisions of said divorce decree are hereby modified to provide as follows:

"(a.) The mother, Dominique Lathrop Mockridge, shall have the care, custody and control of the minor child of the parties, Magali Georgie Sally Mockridge, with the right of reasonable visitation reserved to the father;

"(b.) He shall have, at his option, the right of visitation with the said child at her domicile each alternating Saturday between the hours of 1:00 p. m. and 5:00 p. m., provided he gives the mother, notice in writing, of his plan for any such visit a week in advance thereof;

"(c.) Until the further orders of the Court, he shall have, at his option, the right of visitation by the said minor child from July 1, to July 15 each year, provided he calls for her at her domicile and returns her thereto upon each such visit;

"(d.) Until further orders of the Court, beginning with the month of July 1965 the father shall pay to the mother support and maintenance for the said child in the sum of One Hundred Fifty Dollars ($150.00) per month in lieu of the sum fixed in the said final decree of divorce."

Appellant argues that the court erred, not only in refusing to reduce the payment of $125 per month, but by raising it to $150 per month effective July 1, 1965.

One change in circumstances was that appellant had remarried. The fact that a divorced husband has remarried is a circumstance that may be considered in weighing the equities of the situation when he requests the court to reduce support and maintenance payments for minor children. But the fact that the husband has remarried, and thereby increased his expenses, is not such a change in the condition of the parties as to justify a modification of the original support decree. Mencer v. Mencer, 277 Ala. 679, 174 So.2d 319; Stewart v. Stewart, 261 Ala. 374, 74 So.2d 423, and cases there cited in support of both statements.

The other significant change was the change in appellant's financial status. When the original decree was rendered, he was

the owner of $45,000 worth of securities and received the income from another $45,000 worth of securities. Between then and the time he filed for a modification, he became the sole owner of this second $45,000 worth of securities. Also, he was expecting to finish school in June, 1965, and become regularly employed.

 The fact that the former husband's income has increased materially since the making of the original agreement for the support of his minor children is a weighty factor in sustaining the trial court when, in his discretion, he declines to reduce a previous award, or increases it. Mencer v. Mencer, 277 Ala. 679, 174 So.2d 319; Stewart v. Stewart, 261 Ala. 374, 74 So.2d 423.

In the original decree in the instant case, the court expressly reserved the right to review and revise the "amount of support and maintenance herein provided." We have held that the court has this power without expressly reserving it. Manery v. Manery, 256 Ala. 441, 55 So.2d 194. We find no abuse of discretion in this action by the trial court.

We have considered the evidence, but find no need to set it out in detail. Both parents are of good character and we are satisfied that each loves the child. Much discretion is left with the trial court in the settlement of visitation rights and lengths of custody in each parent when that custody is divided between the parents.

Each case of this kind must be decided on its own peculiar facts and the personalities involved. The personal contact of the trial court with the litigants and the witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord its decrees. Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561.

The trial court can, in its discretion, modify an original award of alimony or support in a divorce decree on proof of changed circumstances of the parties, one or both, but unless the discretion is abused, an order will not be reversed on appeal. Mencer v. Mencer, 277 Ala. 679, 174 So.2d 319; Hartsfield v. Hartsfield, 261 Ala. 386, 74 So.2d 420; Jones v. Jones, 251 Ala. 179, 36 So.2d 310. Again, we find no abuse of discretion and it follows that the decree should be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.