195 So.2d 797

**Ruel SKIPPER**

v.

**Verre Poitevint SKIPPER.**

**4 Div. 263.**

Supreme Court of Alabama.

Feb. 2, 1967.

Rehearing Denied March 9, 1967.

J. Hubert Farmer, Dothan, for appellant.

L. A. Farmer, Jr., Dothan, for appellee.

MERRILL, Justice.

Appellee, the wife, sued appellant for divorce on the ground of cruelty and the divorce was granted December 15, 1964. She was given custody of the two children and the husband was ordered to pay $150 per month for their support. On July 9, 1965, the husband filed a petition for modification of that decree, and the court reduced the amount of the support and maintenance of the children to $125 per month. The husband has appealed from that decree.

Appellant also petitioned the court to hold his wife in contempt because she refused to allow the children to visit him at his home or the home of his parents. The trial court dismissed this petition.

Appellant's first argued assignment of error is that the trial court erred in reducing the support and maintenance payments only $25 per month.

The trial court can, in its discretion, modify an original award for alimony or support in a divorce decree on proof of changed circumstances of parties, one or both, but unless the discretion is abused, an order will not be reversed on appeal. Mencer v. Mencer, 277 Ala. 679, 174 So.2d 319; Gambrell v. Gambrell, 268 Ala. 671, 110 So.2d 248.

Here, appellant testified on cross-examination, that his income and expenses had not changed materially since the original decree. This could have justified a finding that no reduction should be made, but no complaint is made as to the $25 reduction by appellee.

The decree of the trial court as to the amount of support and maintenance on testimony ore tenus will not be disturbed unless plainly wrong. Mencer v. Mencer, supra; Stewart v. Stewart, 261 Ala. 374, 74 So.2d 423. We cannot say that the trial court erred in this part of the decree.

The next argued assignment of error is that the court erred "in not providing for appellant to have his child, Carol Skipper, born of his marriage with appellee, visit with him in his own home or in the home of his father and mother as specifically prayed for by appellant."

Appellant was not the natural father of the oldest child, age eight, but had adopted her after his marriage to appellee. He was the natural father of their two year old daughter.

The original decree gave the appellant the right "to visit with said minor children

**508**

at all reasonable times consistent with the health and welfare of said minor children; subject to the future orders and decrees of this Court."

Appellee and the children lived with appellee's parents. There was testimony that appellant had been invited to come to that home to visit the children, but he was not allowed to take them away with him. Appellant made only one visit to the home to see the children and he agreed that appellee told him on more than one occasion that he could visit them at her parents' home.

Appellant contends that he should not be required to support the children when he is not allowed to see them, citing authorities from other jurisdictions. We held in Snellings v. Snellings, 272 Ala. 254, 130 So.2d 363, that a trial court was justified in providing, as a condition to the payment of child support money, that the children comply with visitorial and custodial provisions of the decree unless the noncompliance be caused by sickness or other unavoidable reason.

But the rule of the *Snellings* case is not apt here. On this petition for modification, the trial court, after hearing evidence of threats made to appellee and the oldest child, specifically found that "it is the judgment of the Court that said decree should not be modified with respect to the defendant's visitation rights, but that said decree should be modified insofar as it pertains to the support payments to be made by the Defendant."

■ The welfare of the child is the paramount consideration in determining its custody in divorce proceedings, and where a party seeks modification of provisions of the divorce decree for custody of the child, there must be alleged and shown some change of conditions or other substantial reason for modification of the previous decree. McBride v. McBride, 268 Ala. 619, 109 So.2d 718.

■ Much discretion is left with the trial court in the settlement of visitation rights between the parents. In determining the propriety of the decree regarding visitation rights of a divorced parent, each case must be decided on its own peculiar facts and personalities involved. The personal contact of the trial court with the litigants and the witnesses gives the trial court an opportunity for personal observation which we do not have, and which accounts for the presumption we accord its decrees. Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772; Sneed v. Sneed, 248 Ala. 88, 26 So.2d 561. We are unable to say that the trial court abused its discretion as to the visitation rights.

■ Appellant argues that the court erred in failing to hold appellee in contempt for not letting the children visit him or, at least, the trial court "was in error in dismissing his petition without reprimand of any kind to her." We are convinced from the evidence that the trial court properly dismissed the contempt petition.

■ Appellant's final assignment of error is that the court erred in overruling his motion for a rehearing. A decree or order denying an application for rehearing in equity which does not modify the original decree will not support an appeal, Equity Rule 62, Code 1940; nor is such a decree subject to review on assignments of error on appeal from the final decree. Sylvester v. Strickland, 278 Ala. 278, 177 So.2d 905; Phillips v. Phillips, 277 Ala. 2, 166 So.2d 726; Whitman v. Whitman, 253 Ala. 643, 46 So.2d 422.

■ The appeal in this case was from a final decree, even though the final decree had modified a previous final decree. The application for rehearing sought a rehearing of this second final decree. There was no modification of the second final decree on rehearing and, therefore, the decree of the court overruling the application for rehearing would neither support an appeal

nor be subject to review on assignments of error when the appeal was from a final decree. Authorities supra.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.