215 So.2d 885

Ruel SKIPPER

v.

Verre Poitevint SKIPPER.

4 Div. 312.

Supreme Court of Alabama.

Nov. 14, 1968.

Farmer & Farmer, Dothan, for appellant.
Ramsey & Ramsey, Dothan, for appellee.

KOHN, Justice.

Petitioner below, Ruel Skipper, was the respondent in the original proceedings, in equity, and in his petition sought an order relieving him of liability for the support of Ann Poppe, his adopted child, and an order fixing the amount that he should pay for the support of Carol Skipper, the minor child born of the marriage of Ruel Skipper and Verre P. Skipper, the parties in this action.

On March 18, 1967, the petition was amended whereby the petitioner (appellant) sought an order which would permit him to see and be with his minor child, Carol Skipper.

The petition was further amended on August 1, 1967. The petitioner asked that the plaintiff (appellee) Verre P. Skipper be estopped from the further prosecution of any claim against him for the support of the adopted child, Ann Poppe.

The petitioner below was the defendant in an equity court proceeding in the Houston County Law and Equity Court, in equity. In said proceedings, the court rendered its decree on December 15, 1964, and later amended it where, among other things, the petitioner (appellant here) was by said decree ordered to support his adopted child. After the pleadings were settled on said petition and the cause heard on its merits, the court denied the relief prayed for. This decree was rendered on August 24, 1967, and motion for rehearing was denied on October 13, 1967.

The grounds upon which Ruel Skipper relies in alleging that he is no longer liable for the support of Ann Poppe, is a decree rendered on September 14, 1966, by the probate court of Houston County, Alabama, which was introduced as petitioner-defendant's exhibit "A" during the trial, and which decree purports to revoke the decree of adoption made on June 23, 1960 by the probate court. The decree also changed the name of the minor child, who was then named "Ann Skipper," to "Ann Poppe,"—Ann Poppe being her name at the time the final decree of adoption was made and filed.

The probate court is a court of limited jurisdiction. McCaa v. Grant, 43 Ala. 262; Mosely v. Tuthill, 45 Ala. 621, 6 Am.Rep. 710. Prior to 1961, probate courts were given the authority by statute to revoke a decree of adoption. Title 27, § 4, Code of Alabama 1940. However, this statute was amended on September 15, 1961, and the provisions with reference to annulling adoptions were deleted. Title 27, § 4, Recompiled Code 1958, 1967 Cum. Pocket Part [Act No. 294, Acts 1961, Vol. II, p. 2351, approved Sept. 15, 1961].

Consequently, this left the probate court without jurisdiction to revoke an adoption. " * * * it must appear from the face of the petition before such court that its action is within the scope of such special or limited jurisdiction, and nothing is presumed." Watts v. Town of Green Valley, 282 Ala. 555, 213 So.2d 398; Walton v. Walton, 256 Ala. 236, 54 So.2d 498.

We conclude that the jurisdiction of the probate court to issue a decree revoking an adoption is governed by principles of law enunciated in *Watts*, supra, and Claunch v. Entrekin, 272 Ala. 35, 128 So.2d 100, that being, the existence of facts neces-

sary to confer jurisdiction must affirmatively appear on the face of the record. See also, Town of Sanford v. Hartley, 258 Ala. 576, 63 So.2d 705, which contains a discussion of collateral attack on decree of the probate court.

With respect to the argument that appellee, Verre P. Skipper, is by her acts and conduct estopped to continue seeking support for the adopted child, it requires no citation of authority to note that the child is the party with whom the courts are most concerned, and a court of equity will protect and look after the child as a ward of the court.

In determining the propriety of the decree regarding visitation rights of a divorced parent, each case must be decided on it own peculiar merits. Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797; Mockridge v. Mockridge, 278 Ala. 79, 175 So.2d 772.

We have carefully examined the record, and we cannot conclude that the ruling of the trial court with respect to visitation rights was in any manner erroneous.

Finally, it is insisted by appellant that the trial court erred in refusing to reduce the support payments for the minor children. Again, we cannot agree. In Skipper v. Skipper, supra, we stated:

"The trial court can, in its discretion, modify an original award for alimony or support in a divorce decree on proof of changed circumstances of parties, one or both, but unless the discretion is abused, an order will not be reversed on appeal. Mencer v. Mencer, 277 Ala. 679, 174 So. 2d 319; Gambrell v. Gambrell, 268 Ala. 671, 110 So.2d 248."

For the reasons stated, the decree of the trial court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.