This is a divorce case. After oral hearing, the court entered judgment on October 26, 1978. The plaintiff-husband brought the suit for divorce and now appeals from the judgment.
There are three aspects of the judgment of which the husband complains and charges an abuse of discretion.
The court awarded the wife the sum of $300 per month as child support and the additional sum of $150 per month as periodic alimony. There are two children, ages ten years and five and one-half months. The younger child was born after the separation. The husband contends the awards are not supported by the evidence.
That evidence briefly is that the parties were married in 1967. The wife has worked at least 75% of the time since the marriage as a beauty operator. For the last three or four years she has owned her own shop, netting annually $9,000 to $10,000. In 1973 the parties purchased 116 acres of land and the husband began farming. They subsequently built a home on the farm which is now estimated to be worth $48,000. There are farm buildings and much equipment. There are forty brood cows and twenty-seven calves. The husband grows peanuts and corn and recently has gone into a hog operation with an uncle which owns ninety-nine brood sows and five boars. He owns one-half the hogs and has six horses. Shortly after the filing of the divorce, the husband borrowed $146,850 *Page 814 
from Farmer's Home Administration. He owes various other debts and has other assets. His balance sheet for October 1978 showed a losing farming operation with liabilities exceeding assets by some $70,000. This status was alleged to exist even though he had grossed over $61,000 in 1977 from which he claimed $17,342 in depreciation, $30,000 for fertilizer, $15,845 for feed, $5,045 for repairs and $25,384 in interest. He was in the habit of yearly borrowing operating money, including $400 per month living expenses, from Farmer's Home Administration.
It was undisputed that the income of the wife was placed in a joint account and most living expenses of the family were paid from her income in the years after the farm was purchased.
This court has reviewed the evidence very carefully and very candidly is nonplussed by the evidence that a farmer owning only one hundred sixteen acres of land and possessing a losing track record can borrow $146,000 though already owing almost $200,000. If the evidence is believed, and it is not contradicted, such is the state of the husband's affairs. Certain it is that such good fortune cannot long endure even with the aid of a generous government agency. However, in view of such generosity which the husband has shared with his family at the rate of $400 per month since the separation, we cannot find that the trial judge was in error in basing a judgment for child support and alimony on the assumption that such blessings would continue to flow from Washington. Certainly there is reasonable basis in the evidence for drawing such an inference. We therefore affirm his judgment.
We also affirm the order of payment by the husband to the wife of the sum of $10,000 as alimony in gross or as an equitable division of property. Such sum is a payment in lieu of marital rights of the wife in the estate of the husband which she aided him in accumulating. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). It appears such sum is small recompense to the wife for her investment in a marriage which has accumulated an estate large enough to secure loans and advancements of some quarter million dollars. We find no abuse of discretion in such an award.
Issue three is directed at the setting of visitation rights of the husband with the children. The court set a continuous period of fifteen days in the summer. The husband requested forty-five days. The custody of and visitation rights with children are matters addressed to the discretion of the court.Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797 (1967). We find no abuse of such discretion in this case.
The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.