This is an appeal from the granting of a modification of a divorce decree reducing the amount of alimony payments.
The husband filed a petition to modify the previous judgment of divorce by reducing the amounts that he was required to pay for child support and alimony. After an ore tenus hearing, the trial court reduced the amount of alimony from $175 per month to $100 per month. The amount of child support remained the same, i.e., $50 per week. The trial court did rule, however, that any amount paid to the mother as a result of the child being the dependent of a disabled veteran should be credited on the amount due for child support each month.
The husband appeals to this court, contending that the trial court abused its discretion by failing to reduce the husband's total payments for alimony and child support by more than $75. We disagree and affirm the trial court.
A lengthy review of the facts of this case is not necessary. Suffice it to say that the parties were divorced on January 9, 1980. The divorce decree required the husband to pay the wife $175 per month as alimony and $50 per week for the support of the parties' minor child. In addition, the husband was to pay for the reasonable and necessary health care expenses of the child as well as some of the debts incurred by the parties during their marriage. The husband did not appeal this decree.
Some months after the divorce decree, the wife instituted contempt proceedings against the husband for failure to make payments as required by the divorce decree. A hearing was held and on July 9, 1980, the husband was held in contempt of court. The trial court found that he was $1,032 in arrears and ordered him jailed until he purged himself of contempt by paying this sum. The husband purged himself of contempt after spending a brief period of time in jail. *Page 432 
On October 29, 1980, the husband filed his petition to modify, alleging changed circumstances. The evidence established, among other things, that the husband is a college graduate, having majored in business administration and finance. He is also a helicopter pilot who, apparently, received his training while in the military. At the time of the divorce, the husband derived his income from his farming operation and his disability compensation from the United States Veterans Administration. At the time of the modification proceeding, the husband was totally unemployed and was attending the University of Alabama Law School. His only income was the monthly disability check and V.A. educational benefits which would terminate May 4 of 1981. The husband had also remarried since the time of the divorce decree. Based upon the evidence before it the trial court reduced the husband's alimony payments by $75 per month.
The modification of an award of alimony or child support on the basis of changed circumstances is within the sound discretion of the trial court and will not be reversed on appeal unless this discretion is abused. Mencer v. Mencer,277 Ala. 679, 174 So.2d 319 (1965); Murphree v. Murphree,366 So.2d 1132 (Ala.Civ.App. 1979). This court is unable to find any abuse of discretion in the trial court's action.
Child support can be modified only upon showing that a material change in circumstances has occurred. Murphree v.Murphree, supra. The most important factor in considering modification of a child support decree is whether there has been a material change in the circumstances of the children.Womble v. Womble, 56 Ala. App. 318, 321 So.2d 660, cert. denied,295 Ala. 429, 321 So.2d 664 (1975). In this case, there was no evidence that the needs of the child had changed in any respect. Additionally, the husband's education and technical training is evidence that he possesses an ability to earn at least some additional money. This court has previously held that the ability to earn, as opposed to actual earning, is a proper factor in determining the amount of child support to be awarded. Reach v. Reach, 378 So.2d 1115 (Ala.Civ.App. 1979),cert. denied, 378 So.2d 1118 (Ala. 1980). The lack of change in the needs of the children coupled with the father's ability to earn convinces this court that the trial court did not err in refusing to reduce the child support payments.
Like child support, alimony payments can be modified only upon proving that a material change in circumstances has occurred. The trial court, based upon all the evidence before it including the husband's income and new status as a student, concluded that there had been a material change in circumstances and reduced the monthly alimony payments by $75. After reviewing the record, this court cannot say that the trial court abused its discretion by not further reducing the husband's payments.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.