ROBERT M. PARKER, Retired Circuit Judge.
This is an appeal from a judgment modifying child custody and support.
A judgment of divorce was rendered by the trial court on June 21, 1979 awarding custody of the minor child, age three, to appellee, and appellant was ordered to pay $100 per month for child support and was given two days’ visitation rights per week. The two days per week visitation were unspecified in the judgment and have been used each weekend by the appellant. Ap-pellee filed for modification of the judgment, asking for custody two weekends a month, as she is now employed which gives her less time with her child. The child is now in school and her financial needs are greater, she has less time at home, and the appellant has increased income.
After an ore tenus hearing the trial court modified the judgment, ordering appellant to pay $200 per month for child support and giving the appellee, the custodial parent, custodial rights on the first and third weekend of each month.
Appellant contends on appeal that the support and custody arrangement in the original judgment was by agreement and no material change in circumstances was shown on trial of the motion and that the trial court abused its discretion in modifying the original judgment.
We note in reviewing the record that the original agreement and judgment were not included but testimony stated the custody and support arrangement was by agreement of the parties. A decree fixing alimony and support payments in accordance with the parties’ agreement will not be modified except for clear and sufficient reasons after the question has been subjected to thorough consideration and investigation. Walker v. Walker, 255 Ala. 599, 52 So.2d 505 (1951). But an agreement between the parties fixing alimony and child support payments becomes merged into the decree and thereby loses its contractual nature, at least to the extent that a court of equity has the power to modify, when changed conditions so justify. Hutton v. Hutton, 284 Ala. 91, 222 So.2d 348 (1969); Colton v. Colton, 252 Ala. 442, 41 So.2d 398 (1949); Taylor v. Taylor, 369 So.2d 1240 (Ala.Civ.App.1979).
The evidence reveals that the appellant’s take-home pay is approximately $1,000 per month; that the child’s portion of household and living expenses is approximately $372 per month; that there has been some change in living and social conditions due to increased age of the child, now seven, her school work, and the mother being employed.
The trial court can, in its discretion, modify an original award for alimony or support in a divorce decree on proof of changed circumstances of the parties, one or both, but unless the discretion is abused an order will not be reversed on appeal. Skipper v. Skipper, 280 Ala. 506, 195 So.2d 797 (1967); Mencer v. Mencer, 277 Ala.679, 174 So.2d 319 (1965).
The amount of child support is a matter within the sound discretion of the trial court and will not be reversed on appeal absent a manifest abuse of discre *1024 tion. Hall v. Hall, 391 So.2d 122 (Ala.Civ. App.1980). We cannot say the trial court abused its discretion in this case.
As to the contention that the trial court erred in the modification of visitation privileges, the trial court has wide discretionary power in the settlement of visitation rights. Hall v. Hall, supra; Skipper v. Skipper, supra. We are unable to say the trial court abused its discretion as to visitation rights.
There being no palpable error nor abuse of discretion in the trial court’s judgment, this case is hereby affirmed.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.