WRIGHT, Presiding Judge.
This is an appeal from a denial of a petition to modify child support provisions of a divorce decree.
The parties were divorced by decree rendered on July 28, 1980. The final divorce decree incorporated an agreement executed by the parties, which awarded custody of the two minor children to the mother and provided that the father was to pay $800 a month as child support. The agreement further provided that the father was to pay all reasonable and necessary medical expenses of the children.
In January 1982 the father filed a petition to modify, alleging a material change in circumstances. The court entered an order which reduced his child support payments for nine months. At the end of the nine-month period the father was ordered to resume regular payments and reimburse the mother for the deficiency. The father complied fully with this order.
A second petition to modify was filed by the father in May 1985, after the mother informed him of her intentions of moving to Texas with the minor children. The petition sought custody of the children, or, in the alternative, modified visitation and a reduction in child support. After hearing the evidence, the court adjusted the father’s visitation rights to six weeks during the summer, one week at Christmas and four days each school spring holiday. The court further required the father to pay all transportation costs for the children’s visits. The order denied the father any relief regarding child support payments and medical expenses and awarded the mother attorney fees of $650. The father appeals from that judgment.
There are two issues presented on appeal: (1) whether the trial court’s failure to reduce child support payments was an abuse of discretion, and (2) whether the award of attorney fees to the mother constitutes an abuse of discretion.
The modification of child support is a matter within the sound discretion of "the trial court. Murphree v. Murphree, 366 So.2d 1132 (Ala.Civ.App.1979). We will not reverse the decision of the trial court unless its decision is plainly and palpably wrong. Miller v. Miller, 437 So.2d 574 (Ala.Civ.App.1983). There must be evidence before the trial court that a material change in circumstances as to the needs of the children and the means of the parents has occurred before child support can be modified. Sansom v. Sansom, 409 So.2d 430 (Ala.Civ.App.1981).
*1299 The trial court found no changed circumstances which would warrant modifying the decree to decrease the father’s child support payments. The evidence reveals that the needs of the children have increased since the divorce and last order of support in 1983. It also reveals that the father’s income has more than doubled since 1980. There was evidence presented that the father is involved in a bankruptcy proceeding and should therefore be relieved of some of his child support obligations. However, there was also evidence presented that the father has undertaken new obligations since the time of the bankruptcy proceeding, which is inconsistent with his position that he cannot meet his current obligations. While the evidence reveals that the father will incur a twenty percent increase in the children’s medical expenses because of the move, the father testified that the children’s medical expenses have never met the deductible on his insurance policy and that the children are in excellent health. We find from the evidence no abuse of the court’s discretion in denying modification.
An award of attorney fees in a child support modification case is within the sound discretion of the trial court. Young v. Young, 376 So.2d 737 (Ala.Civ.App.1979). The record shows that a reasonable attorney fee in this case would be $750. The court awarded the mother $650. We find no abuse of discretion in such an award.
The mother also requests an award of attorney fees for this appeal. Her request is granted in the amount of $500.
The trial court’s order denying the petition to modify is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.