CRAWLEY, Judge,
dissenting.
I conclude that the trial court did not abuse its discretion in its joint custody arrangement; therefore, I must respectfully dissent.
Our supreme court has consistently held that a trial court’s decision regarding custody is presumed correct based on the trial court’s unique position to observe the demeanor of the witnesses and evaluate the testimony at trial. Ex parte Bryowsky, 676 So.2d 1322 (Ala.1996). Absent an abuse of discretion or a showing that the trial court’s custody determination was plainly and palpably wrong, the appellate court is bound to affirm. Id. The majority admits that the evidence regarding the ability of each parent to care for the children and the evidence regarding the parent’s conduct toward the children and each other were both heavily disputed. After reviewing the testimony and exhibits, I also conclude that the evidence in this case is heavily disputed and conflicting. The very fact that the evidence is intensely conflicting supports the trial court’s judgment even more. In keeping with the long standing legal principle that this court does not reweigh the evidence presented to the trial court and that it is the trial court’s duty, and not this court’s duty, to resolve conflicts in the evidence, I must dissent from the majority’s reversal of the trial court’s judgment.
See Mockridge v. Mockridge, 278 Ala. 79,175 So.2d 772 (1965).