323 So.2d 379

**In re James L. FLETCHER**

v.

**Jeanne Barber FLETCHER.**

**Ex parte Jeanne Barber FLETCHER.**

**Civ. 680.**

Court of Civil Appeals of Alabama.

Dec. 3, 1975.

Corretti, Newsom & Rogers, Birmingham, for respondent.

William B. McCullough, Jr., Birmingham, for petitioner.

HOLMES, Judge.

This is a petition for writ of mandamus to compel respondent-judge to vacate his order restraining petitioner from instituting further garnishment proceedings.

The issue in this proceeding is whether a circuit judge may issue an order which restrains and/or enjoins an ex-wife from instituting garnishment proceedings to collect past due alimony.

We answer in the negative and the petition for writ of mandamus is granted.

The facts pertinent to this appeal are as follows:

In October of 1973, petitioner and her then husband were divorced. The decree of divorce was rendered by The Honorable William H. Cole and required the husband to pay petitioner $1,200 per month as alimony. The husband failed to make the alimony payments as required. The petitioner, in order to collect the past due alimony, issued garnishments directed to the husband's employer. Garnishments were issued in January, April, and July of 1975. Each garnishment resulted in sums of money being collected by petitioner.

In September of 1975, the husband petitioned the Circuit Court of Jefferson County for the issuance of a temporary restraining order. The husband alleged that as a result of the garnishment all of his income had been withheld from him and he had in effect no funds to provide for his needs. Specifically, the petition prayed that a temporary restraining order issue enjoining and restraining the petitioner-wife from instituting further garnishment proceedings for the collection of past due alimony against the income or wages of the husband.

Upon the presentation of the aforesaid petition to The Honorable William Barber, a temporary restraining order was issued. Judge Barber's order in pertinent part is as follows:

"That the Defendant, Jeanne Barber Fletcher, is hereby restrained from instituting further garnishment proceedings for the collection of past due alimony against the income of the Plaintiff."

The court further ordered that:

"[T]his Restraining Order shall remain in full force and effect until such time as the Court issues its formal order dismissing the said Restraining Order or converts said Restraining Order into a temporary and/or permanent injunction."

The petitioner thereafter moved to dismiss the temporary restraining order. This motion was overruled, hence this proceeding.

■ The law in Alabama is clear that past due installments of alimony and child support payments become a debt of record, i. e., a judgment in favor of the wife. See *Epps v. Epps,* 218 Ala. 667, 120 So. 150; *Blackwood v. Kilpatrick,* 52 Ala.App. 505, 294 So.2d 753. Such judgments may be collected in the same way as are other judgments. See *Armstrong v. Green,* 260 Ala. 39, 68 So.2d 834.

Tit. 7, § 996, Code of Ala. 1940, provides that garnishment is an appropriate method of collecting a judgment.

■ Therefore, in this instance, under the facts as presented by the petition for the temporary restraining order, the learned trial judge erred in restraining petitioner from exercising her statutory right to effectuate collection of her judgment by garnishment proceedings.

Financial hardship constitutes the only reason presented to the learned trial judge to justify restraining petitioner from exercising her statutory right to execute or collect on her judgment. Such reason is insufficient to justify the trial court's action.

The petition for writ of mandamus is granted and a writ of mandamus will issue within ten days directed to The Honorable William Barber, Judge of the Circuit Court of Jefferson County, unless he sets aside his order of September 19, 1975.

Writ of mandamus awarded conditionally.

WRIGHT, P. J., and BRADLEY, J., concur.