The former wife petitioned for modification of a child custody decree. After an ore tenus hearing, the wife's petition was denied and she appeals.
The dispositive issue is whether the trial court abused its discretion in failing to grant the requested modification. We find no abuse of discretion and affirm.
Our review of the record reveals the following:
The parties were divorced in August 1979. The divorce decree awarded temporary custody of the parties' two minor children, an eleven-year-old daughter and a six-year-old son, to the wife. The decree provided for a second hearing on the issue of child custody. That hearing was held on December 3, 1979, and resulted in the wife's being awarded permanent custody of the children. The husband was given liberal visitation rights. The wife's custody was, however, made subject to certain conditions. The condition pertinent to this appeal is as follows:
 The children are to live in the City of Montgomery, Montgomery County, Alabama, and are to continue as students in the Montgomery Academy unless both parents agree otherwise.
The wife is seeking a modification of the above condition. She wishes to move, with the children, to Atlanta, Georgia, where she plans to remarry and secure better employment.
The record reveals that the children, particularly the daughter, suffered from severe emotional disturbances at the time of the parties' divorce. There is testimony indicating that since the divorce the daughter's emotional condition and overall attitude have improved. The son's condition has shown improvement as well. The trial court considered the children's attendance of Montgomery Academy as a particularly positive influence on the emotional progress they had made. There is, however, no evidence that the children's emotional problems have been resolved.
The question of modification of a child custody decree is vested in the sound discretion of the trial court. Rogers v.Rogers, 345 So.2d 1368 (Ala.Civ.App. 1977). The party seeking modification has the burden of showing a material change in circumstances which will warrant modification. Cheatham v.Cheatham, 344 So.2d 525 (Ala.Civ.App. 1977); 8 Ala. Digest,Divorce, Key Nos. 303 (2)-(6). As in all cases where the trial court has heard evidence ore tenus, its judgment is presumed correct and will not be disturbed unless so unsupported by or contrary to the evidence as to amount to an abuse of discretion. Alford v. Alford, 368 So.2d 295 (Ala.Civ.App. 1979).
The trial court stated that it recalled the evidence previously presented as to the emotional problems of the children. It could not be expected to do otherwise. Though there had been marked improvement, the court considered that the improvement was due in large measure to the influence of school and the more stable conditions existing since the divorce. Even though improvement has been shown and circumstances may have changed, the welfare of the children remains the primary concern of the court. It is not required to modify its prior judgment even if circumstances have changed unless the evidence is so clear and convincing that to fail to do so would be a clear abuse of discretion. We will not substitute our judgment for that of a compassionate judge who is familiar with every aspect of the case and the parties. We know well that he has no desire to prevent the mother from pursuing her personal happiness and career any longer than is necessary for the best interest of the *Page 1047 
children. To do so would be unjust to the mother and possibly raise resentment between her and her children. It would seem that with passage of a reasonable time and continued emotional improvement, the happiness of the mother and the welfare of the children would cease to be antipathetical.
At this time we find no palpable abuse of the trial court's discretion in continuing to require the children to remain in their present school and environment.
The judgment of the court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.