HOLMES, Judge.
The trial court refused to modify a prior decree regarding certain conditions pertaining to child custody. The mother appeals and we affirm.
The parties were divorced in 1976. Custody of the parties’ minor child was awarded to the mother. In February of 1980 the trial court, after a hearing, found that the mother had wilfully deprived the father of his visitation rights. The mother was found in contempt for her actions. Custody, however, remained with the mother upon her making a $10,000 bond apparently payable upon noncompliance with the trial court’s order. Additionally, the mother was enjoined from removing the child from the State of Alabama.
Thereafter, the mother sought to modify the February, 1980, decree so as to allow her to remove the child from Alabama. The trial court held an ore tenus hearing and thereafter refused to modify. As indicated, the mother appeals.
The dispositive issue on appeal is whether the trial court’s action is such an abuse of discretion as to require reversal. We find no such abuse and affirm.
*167 The record reveals the following: Subsequent to the parties’ divorce in 1976, the mother married Johnny Wayne Ham. Ham is employed as a construction worker. His employment involves traveling from job to job and, since the marriage, has carried him to Texas, Oklahoma, Georgia, and Tennessee. Ham presently works in Columbus, Mississippi. For two years prior to 1980— the time the Hams were in Texas and Oklahoma — the father was not able to see the child. The mother admitted to “hiding out” with the child during this period of time. As a result of the father being deprived of his visitation rights by the mother, the trial court, as indicated, in February, 1980, enjoined the mother from removing the child from the State of Alabama.
Since the 1980 order, the mother and child have resided in Athens, Alabama, while Ham has worked in Oglethorpe, Georgia, and Murfreesboro, Tennessee. Ham now works in Columbus, Mississippi — the closest proximity yet to the State of Alabama. At no point has the mother deviated from the trial court’s order. Ham works during the week and drives home to Athens on weekends whenever possible. The Hams testified that maintaining separate residences and living apart have caused economic as well as emotional strain on their marriage.
The father lives in Ardmore, Alabama, and works at Redstone Arsenal. Since the 1980 decree, he has been able to exercise his visitation rights with the prescribed regularity. The father testified that he is concerned about whether he will be able to see his child if the mother is allowed to remove the child from the jurisdiction of Alabama.
A modification of a child custody judgment must be justified by a change of circumstances. Keith v. Keith, 380 So.2d 889 (Ala.Civ.App.1980). The question of modification of a child custody decree is a matter vested within the sound discretion of the trial court whose judgment is presumed to be correct and will not be disturbed unless so unsupported by or contrary to the evidence as to amount to an abuse of discretion. Alford v. Alford, 368 So.2d 295 (Ala.Civ.App.1979).
The evidence in this case reveals very little change in the circumstances of the parties since the 1980 custody order was rendered. To briefly review, the evidence established that the mother was not working at the time the custody order was rendered and that she was not working at the time of the modification hearing. The mother’s new husband’s work has not changed during the two years since the custody order was rendered. The husband’s work continues to require that he move around though he apparently need not move as frequently as he once did. Additionally, the husband’s present location is nearer to the Alabama state line than it has been for the past few years. Perhaps the major change in the circumstances of the parties is that, due to the court’s order, the father has been able to regularly visit with his child for the past two years.
The mother, through able counsel, contends that preventing her from removing the child from the state placed an unreasonable restriction upon her. As the mother’s testimony indicated, the court’s order undoubtedly has imposed some hardship upon the mother’s new family. In deciding custody matters, however, the trial court is to be guided by the best interests of the child. Gandy v. Gandy, 370 So.2d 1016 (Ala. Civ.App.), cert. denied, 370 So.2d 1019 (Ala. 1979).
Generally it can be said that the best interests of a child require that he or she be allowed the opportunity to develop a meaningful relationship with both parents. In this case, however, due to the actions of the mother, for a period in excess of two years the father was deprived of any relationship at all with his child. When the child was located, the trial court remedied the foregoing situation by prohibiting the removal of the child from the State of Alabama. Since the 1980 order has been in effect, the father has been able to develop a continuing relationship with his daughter. The trial court’s denial of the mother’s petition for modification indicates that, for at least the *168 time being, the best interests of the child would be best served by the court’s continued protection of the relationship between the father and his daughter. In light of the circumstances of this case, this court cannot conclude that the trial court so abused its discretion as to require reversal.
In closing, we make one final comment. Paraphrasing the language used by Presiding Judge Wright in Jenkins v. Jenkins, 395 So.2d 1045, 1047 (Ala.Civ.App.1981), it would seem to this court that with the passage of a reasonable amount of time and with the continued development of the relationship between father and daughter, the happiness of the mother’s new family and the welfare of the child would cease to be antipathetical. When this point is reached, a modification of the 1980 custody order might well be appropriate.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.