This case concerns the modification of visitation privileges of a father with the parties' seven year old daughter, Stacey.
The divorce complaint was filed in October, 1978, and was bitterly contested. The father testified at the trial upon the merits in August, 1979. It is unclear from the record as to whether evidence was presented at the next hearing in March, 1981, when the father was not in attendance. The trial court divorced the parties by its November 12, 1981 judgment. Therein, the mother was granted the permanent custody of Stacey and the father was given certain visitation rights.
In June, 1982, the father sought to enlarge his visitation privileges. After an ore tenus trial, the circuit court granted certain additional periods of visitation to him which consisted largely of one week during the child's A.E.A. holidays and of six continuous weeks during the summer months. The mother appeals. We affirm.
The gist of the father's evidence was that he has resided in Johnson City, Tennessee, since August of 1980. He lives 395 miles, an eight or nine hour drive, from Muscle Shoals, where the mother and Stacey presently reside. On all occasions when he appeared in court in the divorce case, he lived in Huntsville. After moving from Huntsville, his residency or place of employment was unknown to the mother, and, presumably, the trial court was uninformed of his being a nonresident of Alabama when the divorce judgment was entered.
He has remarried and his townhouse has most adequate facilities for the child during her visits. Before arrangements could be completed whereby he could have Stacey visit with him for a few days in the summer of 1982, he had to telephone the maternal grandmother up to eight times. Discussions of the parties with each other became somewhat acrimonious and generally end on an unpleasant note. It is obvious from the whole of the evidence that the father was not able to exercise many of his visitation privileges with Stacey because of the distance and time involved.
The mother's only stated objection to the father's having additional visitation rights was that she had been granted custody and that she did not think that Stacey should be with him for six weeks in the summer. She further testified that the father has never abused nor injured Stacey in any manner and that the child apparently enjoys visiting her father, whom Stacey loves. The *Page 117 
mother admitted that he is current as to payments required by the divorce judgment, being child support of $215 per month and periodic alimony of an additional $215 each month.
"[W]here a party seeks modification of provisions of the divorce decree for custody of the child, there must be alleged and shown some change of conditions or other substantial reason for modification of the previous decree. [Citations omitted.] . . ." Skipper v. Skipper, 280 Ala. 506, 508, 195 So.2d 797, 799
(1967). That change of circumstances or other substantial reason must affect the best interest and welfare of the child.Barber v. Lay, 384 So.2d 1095 (Ala.Civ.App. 1980). Where the visitation modification trial was conducted before the trial court, an appellate court is not authorized to disturb the decision unless it is so unsupported by the evidence as to be palpably wrong. Fassina v. Fassina, 401 So.2d 113 (Ala.Civ.App. 1981). In visitation modification proceedings, each case must be decided on its own particular facts and circumstances and great latitude and a very wide discretion reposes with the trial court in the settlement between the parents of visitation rights and of the place, time and duration thereof. Mockridgev. Mockridge, 278 Ala. 79, 175 So.2d 772 (1965); Fillingim v.Fillingim, 388 So.2d 1010 (Ala.Civ.App. 1980); Hayes v. Hayes,337 So.2d 770 (Ala.Civ.App. 1976); Hopper v. Hopper,54 Ala. App. 144, 306 So.2d 13 (1974); Porter v. Porter,46 Ala. App. 22, 237 So.2d 507 (1970).
In the instant case, the father and Stacey are so separated by distance, time and travel expense that ordinary, usual, customary, standard and typical visitation rights are of little avail and, to a great extent, might as well not exist. Time has proven that the original rights as granted by the divorce judgment were and are largely unworkable and that they are mainly worthless from a practical standpoint if this father and daughter are to have a reasonable parent-child visitation relationship. This is a substantial reason for justifying the modification as granted. The trial court must have been reasonably satisfied from the evidence that the child's best interest and welfare were better served by allowing more extended visitation periods between the father and daughter. We do not find the decision of the trial court to be unsupported by the evidence, nor is it palpably wrong. The circuit court did not abuse its great discretion in rendering and entering the modification judgment.
Neither do we find that the trial court abused its discretion in failing to award an attorney's fee for the services of the mother's attorney in resisting the father's petition to modify.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.