In this divorce case, one issue raised upon the husband's appeal concerns restrictions which were imposed upon the child visitation rights granted to him. The husband further complains of the award to the wife of an attorney's fee.
The wife's complaint sought a divorce on no-fault grounds along with other relief, including child custody and the award of a reasonable fee for her attorney's legal services. After an ore tenus trial, a final judgment was entered wherein the parties were divorced. The custody of Heather, the four-year-old child of the parties, was awarded to the wife, subject to reasonable rights of visitation with the husband at the home of the husband's sister. The wife's attorney was awarded a $400 fee to be paid by the husband.
No court reporter was present at the trial, and the evidence was established pursuant to Rule 10 (d) of the Alabama Rules of Appellate Procedure. From the statement of the evidence as settled and approved by the trial court and from those particular averments of the wife's divorce complaint which were admitted by the husband's answer, we glean the following pertinent facts:
The husband had a daughter by a former marriage. That daughter shall be referred to as "X". She was fifteen years of age and lived with the parties until their separation. The wife filed a petition for the custody of "X" in the juvenile court, wherein she alleged that the husband had physically abused or molested "X." The juvenile case was investigated by the police department and by the Department of Pensions and Security. The wife feared that the husband would harm or molest Heather, the biological daughter of the parties. The wife was awarded physical custody of "X" by the juvenile court, but "X" has since returned to her natural mother. In his testimony, the husband admitted that he was served with a copy of the wife's juvenile court petition for "X's" custody and that he was aware of the juvenile court hearing date, but he chose not to appear in court. No proof of abuse, neglect or molestation was made in these divorce proceedings, nor was any evidence presented in the divorce case that such charges had been proven in the prior juvenile court proceedings.
The wife did not allow the husband to see and visit with Heather outside of the wife's presence after the parties separated on April 2, 1984.
The husband testified that he loved Heather and wanted to have reasonable visitation privileges with her, that he had never harmed or molested her in any way and would never do so, and that his wife's fears were unjustified.
Where a child visitation order is made after an ore tenus hearing before the trial court, the judgment is presumed on appeal to be factually correct and will only be set aside or altered if it was so unsupported by the evidence as to be palpably wrong. Of necessity, visitation rights must be determined on an individual case basis, since each case has peculiar facts and circumstances involved, but the best interest and welfare of the child is the polestar to be kept in mind in rendering a decision upon such a matter. The trial court has a broad discretion as to visitation *Page 525 
rights. Butler v. King, 437 So.2d 1300 (Ala.Civ.App. 1983).
It was averred in the juvenile court complaint that "X" had been abused and molested by the husband. Procedural due process was provided to him, but the husband chose not to appear in the juvenile court on the day that the juvenile case was set for a hearing. As we construe the divorce case statement of the evidence, at the divorce trial he did not deny that he had abused and molested "X;" his denial in that respect pertained to his four-year-old child, Heather.
The juvenile court awarded the custody of "X" to the wife. The husband seeks to misplace the burden of proof regarding an attack which he raises in argument as to the juvenile court judgment. We cannot presume that no supportive evidence was presented to the juvenile court prior to the rendition of its judgment. The fact that the juvenile court judgment was rendered implies that adequate evidence was presented in the juvenile court. There is no evidence to the contrary. In any event we will not go behind the judgment of the juvenile court on a collateral attack without any evidence being presented on the husband's behalf of a fatal flaw therein, since no obvious defects therein otherwise appear. It is not enough to argue that the wife did not prove in the divorce case that adequate evidence had been presented in the juvenile court as to the husband's abuse or molestation of "X."
When justified and supported by the evidence or reasonable inferences therefrom, a trial court cannot be faulted in visitation matters for being reasonably careful in establishing restrictions upon the visitation rights of a parent so as to attempt to assure a young child's safety and welfare.
In this visitation case, we do not find that the trial court was palpably wrong or abused its discretion. There was credible evidence which supported the final judgment in this cause as to the restrictions imposed upon the husband's right of visitation.
The wife's divorce complaint sought an award of an attorney's fee, but the husband complains that no proof was offered in that regard and that the trial court should not have required him to pay the wife's fee since the income of each party was approximately equal.
Where a divorce complaint prays for an award of an attorney's fee, it is not error for the trial court to allow a fee even where no proof is presented as to the reasonableness of the amount of a fee. Bright v. Bright, 456 So.2d 1091 (Ala.Civ.App. 1984). In a divorce case, an attorney's fee is left to the judicial discretion of the trial court and, except for an abuse of discretion, an award of an attorney's fee by a trial court will not be set aside upon an appeal. Anonymous v. Anonymous,428 So.2d 109 (Ala.Civ.App. 1983). We find no abuse of judicial discretion as to awarding an attorney's fee of $400 to the wife.
Appellee's request for attorney's fees on appeal is granted in the sum of $500.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur. *Page 526