This is a case involving child custody and visitation.
The former wife petitioned for modification of a child custody decree which dictated that the residence of the minor child could not change without permission of the husband or the trial court.
After an ore tenus hearing, the trial court modified the earlier decree and allowed the mother and child to move to another location within this state. The trial court thereafter necessarily modified the husband's visitation rights.
The husband, through able and distinguished counsel, appeals, contending in the main that the trial court erred in granting the requested "modification" of the child custody decree. We do not agree and affirm.
Viewing the record with the attendant presumptions of correctness, we find the following is revealed:
The parties were divorced in 1983, and later a settlement agreement, dealing in part with child custody, was ratified by the trial court. The settlement agreement stated that the wife would have primary custody of the parties' minor child and the husband would have substantial visitation rights and would actively participate in rearing the child.
The agreement further stated that the child shall reside in Tuscaloosa County and neither parent shall attempt to change the child's residence without the permission of the other parent or the approval of the trial court through a modification of the custody decree.
At the time of the settlement agreement, the wife worked as a copywriter at a local radio station. There was evidence presented at the initial hearing that the wife had little, if any, chance of advancement in her position at the local station.
In November 1984, the wife was offered a position at another radio station in the Fairhope, Alabama, area. The position afforded not only an increase in salary but also an unlimited potential for future advancement.
The wife, as directed in the settlement agreement, sought permission from the husband to move with the child to Fairhope. The husband, however, refused to agree to the change of residence.
The wife then filed a petition for modification, seeking the approval of the trial court for a change of the child's residence.
The trial court heard testimony presented by both parties and approved the modification of the previous custody decree, allowing the mother and child to move to *Page 1263 
Fairhope. The trial court also modified the father's visitation rights to allow the father "custody" on most alternating weekends and several weeks during the year.
The husband contends that the proposed modification involves a change of custody and that there was no evidence that the change would "materially promote" the welfare of the child as required by Ex parte McLendon, 455 So.2d 863 (Ala. 1984). The mother contends that the proposed modification is only a modification of visitation rights and that, therefore, the trial court has wide discretion in granting such modification. This court does not entirely agree or find controlling either contention.
In any event, as stated, the father appeals, contending that the trial court erred in modifying the previous custody decree.
At the outset, we note that, as in all cases presented oretenus, our review of the trial court's judgment is controlled by the principle that this court will not substitute our judgment for that of the trial court and will reverse only where the evidence shows that the trial court's decision was plainly and palpably wrong. Crane v. Crane, 392 So.2d 242
(Ala.Civ.App. 1980).
Additionally, the modification of a child custody decree is a matter vested within the sound discretion of the trial court, whose judgment is presumed to be correct on appeal. Ham v.Barnes, 418 So.2d 166 (Ala.Civ.App. 1982).
Most modification of custody decree matters before this court have involved the change of custody from one parent to another. As our supreme court has stated, the burden of proof when changing custody of a child is that the change must "materially promote" the welfare of the child. See Ex parte McLendon, 455 So.2d at 866. See also Beene v. Hester 471 So.2d 422
(Ala.Civ.App. 1985); Cook v. Cook, 462 So.2d 370 (Ala.Civ.App. 1984).
In the instant case, however, the modification of the child custody decree only involves the question of whether the child can or should reside with his mother, the custodial parent, in another area of the state. Under the settlement agreement, both parties agreed that the trial court could approve or disapprove such a move.
It appears to this court that, under these facts, the trial court should be guided by the best interests of the child. SeeJenkins v. Jenkins, 395 So.2d 1045 (Ala.Civ.App. 1981); Gandyv. Gandy, 370 So.2d 1016 (Ala.Civ.App.), cert. denied,370 So.2d 1019 (Ala. 1979).
The facts indicate that the wife was offered a position of employment in another area of the state. This new employment included an increase in salary along with the possibility of advancement. As stated, there was testimony that the wife had little chance of promotion or a higher salary at her present job.
There was also testimony from the husband that the monthly child support that he was paying was "absolutely the maximum" that he could afford because of his economic circumstances.
In addition, there was evidence that the wife had selected a satisfactory kindergarten and nursery school for the child and had located adequate and affordable housing.
Furthermore, the trial court stated that the change in residence to another location in Alabama does not negate any rights that the husband has acquired under the settlement agreement, such as visitation and decision making in rearing the child. Under the modification decree, the husband is still assured of frequent contact with the child.
At this point, we would be remiss in not stating that it is apparent from the record and the trial court's decree that the court truly had the best interests of the child in mind when rendering its decision. To require the wife to stay in Tuscaloosa with the child or to change primary custody of the child from the wife to the husband does not appear at this time to be in the child's best interests.
In view of all the above, we cannot say that the trial court erred in modifying the prior custody decree and allowing the *Page 1264 
wife and child to move to another location within the state. Put another way, the wife's ability to better provide for the child without severely altering the father's rights of visitation and decision making appears to be in the best interests of the child.
In any event, viewing the trial court's action as a strict modification per McLendon, we still find no error requiring reversal. The facts in this case clearly indicate a change in circumstances since the earlier agreement, to wit, the mother's employment and attendant circumstances. It also appears to this court that, under these same facts and in this instance, the trial court's action in modifying the custody decree does "materially promote" the welfare of the child for the same reasons as shown above, i.e., the child will derive increased economic benefits from the wife.
We further note that it does not appear that the husband is seeking primary custody of the child, but only seeks to have the wife prohibited from moving to another location within this state.
The husband also contends that he was not made aware that the wife sought to modify his visitation rights, and, therefore, that the trial court erred in making such a modification.
The right of visitation or modification of visitation rights is in the discretion of the trial court, and each case must be decided on its own facts and circumstances. Hooper v. Hooper,428 So.2d 115 (Ala.Civ.App. 1983).
Here, the husband was aware of the petition to modify the child custody decree so as to allow a change of the child's residence and was, therefore, on notice that his visitation rights were necessarily to be affected. Additionally, a proposed, revised visitation schedule was apparently introduced and discussed at the hearing without an objection by the husband.
The husband was awarded substantial visitation rights that included alternating weekends and other week-long visitation periods during the year. These visitation periods insured the husband of continued close contact with the child. From these facts, we cannot say that the trial court erred in modifying the visitation rights of the father. See Rule 15 (b), Alabama Rules of Civil Procedure. See also Parker v. Pritchett,454 So.2d 1022 (Ala.Civ.App. 1984).
In view of all the above, the remarks made by the trial court regarding the correct standard of proof to be applied in the instant case need not be addressed. Rule 45, Alabama Rules of Appellate Procedure.
A motion to strike certain portions of the record has been filed in this court by the wife. This court only considers those matters properly presented in the trial court. The motion is denied.
This case is due to be and is affirmed.
AFFIRMED.
BRADLEY, J., concurs.
WRIGHT, P.J., concurs in the result.