BRADLEY, Judge.
This is a child custody case.
Fronson C. Lewis was born August 4, 1974. Her parents were not married, and the child lived with her mother. Freddie Lewis was established through the courts as the child’s natural father in 1975. He has regularly contributed to the support of the child. The mother of the child died in August 1985, and the child, now twelve years old, went to stay with her maternal aunt. In September 1985 the father petitioned the court for legal custody of the child. After a hearing the trial court awarded custody to the father. The aunt appeals. We affirm.
The aunt contends that the trial court abused its discretion in granting the father custody. When a trial court hears testimony in a child custody case, its determination is afforded a presumption of correctness and this determination will not be reversed unless it is plainly and palpably wrong or unless it is shown that the trial court abused its discretion. Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App.1985).
The aunt contends that the trial court abused its discretion in that the child testified that she wanted to live with her aunt. The courts have held that although the trial court should consider the child’s wishes, those wishes are not determinative. Smith v. Smith, 470 So.2d 1252 (Ala.Civ.App.1985). The evidence here shows that both parties can provide an adequate home for the child. The child also stated that she loved both her aunt and her father, and in October 1985 she testified that she did not know with whom she wanted to live. The Department of Pensions and Security also recommended that legal custody of the child be awarded to the father.
Where there is a custody dispute between a natural parent and a third person, we have held that the natural parent has a superior claim. Douglas v. Harrelson, 454 So.2d 984 (Ala.Civ.App.1984). There is a strong presumption that parental custody is in the best interests of a child. The authority of a parent will not be interfered with except for gross misconduct or where the parent lacks the capacity or means for proper care of the child. Douglas, supra. Here, the evidence presented shows that the father is able and willing to rear the child, and there were no allegations of misconduct.
After a careful review of the evidence, we cannot say the trial court abused its discretion in awarding custody of the child to the natural father. The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.