INGRAM, Judge.
Carol B. Couch and William F. Couch were divorced in November 1984. A separation agreement which was incorporated into the divorce decree provided that the parties would share equally legal and physical custody of the two minor children. Following the divorce, the parties swapped the children on alternating weeks. After two months they informally agreed to change the arrangement, as it was not good for the children to move them so often, and allow them to live at the mother’s home while visiting frequently with the father.
In the spring of 1986, the mother informed the father that she was planning to remarry in May and would be moving to New York with her husband and the two children. The father filed a petition and obtained a temporary restraining order barring the removal of the children from the state of Alabama. The mother filed a motion to dissolve the restraining order as well as a motion to modify the original decree to award her full custody, provide a reasonable visitation schedule, and increase child support. Evidentiary hearings were held on the motions pending in August 1986. The husband made an oral motion to modify the decree so as to give him custody of the children. On September 5, 1986, the court entered an order providing that the legal custody of the minor children would remain jointly in the mother and father, and that the father would be the primary custodian of the children. The mother appeals the trial court’s decision, and we affirm.
The appellant contends that the proposed modification involves a change of custody and that there was no evidence showing that the change would materially promote the welfare of the child as required by Ex parte McLendon, 455 So.2d 863 (Ala.1984).
Most modification of custody decree matters before this court involve the change of custody from one parent to another. In that situation the burden of proof when changing custody of a child is that the change must materially promote the welfare of the child. Ex parte McLendon, supra. In this case, however, the modification involves changing custody from joint legal and physical custody in both parents to joint legal custody with physical custody in one parent.
The trial court found that a change of custody to either parent would not materially promote the welfare of the children. It appears to this court, under these facts, that the trial court correctly chose to be guided by the best interests of the children. Murphy v. Murphy, 479 So.2d 1261 (Ala.Civ.App.1985).
Our review of cases in which evidence was given ore tenus is limited. We review the judgment of the trial court with a presumption of correctness and will not reverse on appeal except for abuse of discretion, or where the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Simmons v. Simmons, 479 So.2d 1251 (Ala.Civ.App.1985).
The evidence presented in this case reveals that the children grew up in the home *987 in which their father lives and will continue to reside. Both their paternal and maternal grandparents reside in Alabama, near the father’s home. By remaining with the father in Alabama, the children may continue attending the same schools and church. They may also continue their participation in T-Ball, soccer, and the other recreational activities they have previously enjoyed.
In view of the above, we cannot say that the trial court erred in modifying the prior custody decree and changing custody to the father. We reiterate that each case must be decided upon its own facts and circumstances and is within the sound discretion of the trial court. Hooper v. Hooper, 428 So.2d 115 (Ala.Civ.App.1983).
The decision of the trial court is affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.