BRADLEY, Presiding Judge.
Suzan Faye Burnette and Danny Kevin Burnette were divorced March 1,1985. Incorporated into the parties’ divorce agreement were the terms of a custody arrangement concerning the parties’ two minor children.
The custody agreement provided, inter alia, that the mother and father would have joint legal and physical custody of the two children. The children’s principal residence would be with the father. The mother would have generous visitation privileges with the children.
In establishing this custody arrangement, the parties agreed and incorporated into their agreement that the father would continue living in or near Childersburg, Alabama and that the mother would move to Sylacauga, Alabama and live in or near that city.
The mother then moved to Tuscaloosa, Alabama. Following this move the father filed a petition to modify the custody agreement. In response the mother filed a coun-terpetition to modify, in which she counterclaimed and requested full custody of both minor children.
Following a trial, the original judgment and custody arrangement were modified to place full legal custody of the children with their father. The mother was awarded visitation on alternating weekends as well as for two weeks during the summer.
The mother then filed a motion for new trial or, in the alternative, a motion to alter, amend, or vacate judgment. Her motions having been denied by operation of law, she appeals.
Where custody modification involves a change in custody from one parent to another, it is well settled that the applicable standard of analysis is whether the child’s welfare will be materially promoted by the custody change. Ex parte McLendon, 455 So.2d 863 (Ala.1984).
However, in Murphy v. Murphy, 479 So.2d 1261 (Ala.Civ.App.1985), we applied the best interests of the child standard to a custody situation involving the custodial parent’s desire to move and the resulting necessary custody modification. Recently, we also applied the best interests of the child analysis to a situation involving a change from joint legal and physical custody in both parents to physical custody in one parent and joint legal custody in both. Couch v. Couch [Ms. Jan. 26, 1987] (Ala. Civ.App.1987).
This case involves not a change in custody from one parent to another, but, rather, a change from joint custody in both the mother and father to full custody in the father with visitation rights for the mother. The trial court determined that it was in the best interests of the two minor children to modify the original decree and award full custody to the father. We agree that the applicable guideline in this case was the best interests of the children. See Murphy, supra; Couch, supra.
We have reviewed the record and find that the mother has moved her residence four times since the divorce. She is unemployed and her only source of income is a male friend. However, there is testimony that the mother and her male friend have plans to marry. At the present time the rent on the mother’s apartment is paid by her male friend; the car she drives is furnished by him, and the food she feeds her children when they visit her is supplied by him. On the other hand, the father is still employed by Alabama Power Company; he still lives in the house where the parties lived while married, and the two children attend the same day care center.
The father stated that he gets the children ready for the day care center and drops them off there on his way to work. The children eat breakfast and lunch at the center. He picks them up on his way from work and they eat supper at his mother’s house. Shortly after eating, they go home, where he has some time with the children before they are put to bed. When the children are with him, they attend church every Sunday.
*216 The family house is close to friends whose children are playmates of his children.
By awarding primary custody of the children to the father, the trial court allows the children to remain in familiar surroundings close to family and friends and not be subjected to the disruptive effect of the changes in residences. A presumption of correctness attaches to the court’s ore ten-us findings. Cowan v. Lewis, 495 So.2d 1139 (Ala.Civ.App.1986). Consequently, absent a showing that the determination was plainly and palpably wrong or that the court abused its discretion, we will not reverse. Cowan, supra. Based on the evidence in the record, we do not find that the trial court abused its discretion by allowing the children to remain in familiar surroundings close to family and friends.
Finally, we would note that applying McLendon, supra, would not alter the outcome of this case. The record evidence amply supports a finding that the children’s welfare would be materially promoted by the new custody arrangement.
We also find that the trial court did not err in refusing to award the mother an attorney’s fee. Whether an attorney’s fee will be awarded is discretionary with the trial court. Norrell v. Norrell, 473 So.2d 523 (Ala.Civ.App.1985). Absent an abuse of that discretion, the trial court’s decision will stand. Norrell, supra. No error here.
Appellant’s request for attorney’s fee on appeal is denied.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.