INGRAM, Judge.
The parties were married in Alabama in 1980. Thereafter, they moved to California. In 1985, the mother moved back to Alabama with the children. The mother, Mrs. Musante, sought and obtained a divorce in Alabama. That decree was set aside for lack of jurisdiction, as Mrs. Mu-sante had not met this state’s residency requirement. In July of 1985, the father, Mr. Howe, instituted divorce proceedings in California, and a divorce decree was entered on July 7, 1986. The California decree gave joint custody to both parents, with the father receiving primary custody. It further provided that
“[e]ach of the parties is enjoined and restrained, until further order, from removing the minor children from the State of Alabama (save and except to Panama City, Florida).” *
The mother then filed her petition in the California court to have the primary custody of the children transferred to her.
By order dated October 14, 1986, the California court found that, since the children had lived in Alabama for eighteen of the preceding twenty-one months, the State of California was an inconvenient forum *52 and that the State of Alabama was the more convenient forum. The California court then declined to exercise further jurisdiction over the matter. On December 11, 1986, Mrs. Musante filed her complaint in the Coffee County Circuit Court, requesting the custody change. The father answered to deny the court’s jurisdiction and moved to transfer venue. The motion for change of venue was granted, and the case was transferred to the Dale County Circuit Court.
The Dale County Circuit Court determined that it had jurisdiction of the cause, found that there had been a substantial change in circumstances, and found that the best interests of the minor children would be best served by placing custody with the mother. The court thereupon changed the custody of the children to the mother, Mrs. Musante. The husband appeals the decision of the lower court.
Generally, in a child custody case involving the modification of a joint custody decree, the trial court is to be guided by a determination of the best interests of the children. Murphy v. Murphy, 479 So.2d 1261 (Ala.Civ.App.1985). In this case, the father argues that the mother did not meet her burden of proving that a change in custody would be in the best interests of the children. However, we cannot adequately address this issue in view of the trial court’s failure to consider circumstances presented to the California court, as required by our statutes.
The dispositive issue is whether the trial court failed to give due consideration to the transcripts and records of the proceedings of the State of California, as required by the Code of Alabama. An Alabama court may assume jurisdiction to modify a foreign custody order when the court rendering the initial decree declines to exercise jurisdiction and Alabama has jurisdiction over the children. Ala.Code 1975, Section 30-3-34(a)(l). If another state has rendered a custody decree concerning a child involved in custody proceedings in this state, a court in this state shall, upon its assumption of jurisdiction, request of the foreign state a certified copy of all transcripts, court records, and pleadings. Ala. Code 1975, Section 30-3-42. Furthermore, Section 30-3-34(b) requires that for the Alabama court to modify that earlier decree, it must give due consideration to those records and transcripts; otherwise, the Alabama court would be without sufficient knowledge to apply the “best interest” test.
A review of the record indicates that the lower court considered only two final orders of the California court. These orders do not present extensive factual findings.
The record also reveals that the issue concerning obtaining transcripts and records of the California proceedings was presented at the trial level. The attorney for the father requested that the court obtain and review the California transcripts. It was also pointed out to the trial court that the UCCJA makes it mandatory that a copy of the transcript be secured from any previous proceeding in a divorce modification. We find that, without giving due consideration to the transcripts and records of the California proceedings, the court was not sufficiently informed to determine with certainty what action would be in the best interests of the children.
It appears that the lower court failed to give due consideration to the appropriate transcripts and records in contravention to Section 3Q-3-34(b). Thus, we must remand this case to the trial court to review the records and proceedings in California and determine custody pursuant to the children's best interests. Murphy, supra. This case is reversed and remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.

 We make no comment concerning this aspect of the California decree.