EDWARD N. SCRUGGS, Retired Circuit Judge.
After a hotly contested ore tenus trial in this no-fault divorce case, the trial court issued the divorce. Child custody was granted to the wife, with the husband being “awarded liberal and reasonable rights of visitation to be arranged between the parties but upon reasonable notice to the mother and with the mother’s prior approval.” The husband was ordered to pay $125 per week as child support, to maintain hospitalization and health insurance upon the two children, to be responsible for all medical, dental, and ophthalmic expenses not covered by that health insurance and to maintain a $100,000 life policy on his life throughout the minority of the children, who are to be the beneficiaries thereof. The wife was granted rehabilitative alimony of $3,600 to be paid in twelve $300 monthly payments, with such alimony to terminate forever upon the twelfth payment. The husband was ordered to be exclusively responsible for all past and current state and federal income tax liabilities and for the debts of the parties. The personal property was divided between the parties. Neither party owned any real estate.
The husband timely appealed after his post-divorce motion was overruled. Child custody is not a problem on appeal, the appellate issues being concerned with the husband’s visitation rights, the payment obligations imposed upon the husband, and *54 the award of some personal property to the wife which allegedly did not belong to the parties but which was owned by members of the husband’s family.
The husband requested specific periods of visitation with their five-year-old son and two-year-old daughter. While the parties had experienced some difficulties concerning visits between the children and the husband, a system evolved whereby, if it had been complied with, there would have been as little contact and friction as possible between them.
He expresses a concern that the wife will disallow him any right to visit with the children. While we cannot speculate upon what the future holds in that regard, if the husband is denied “liberal and reasonable” visitation by the wife, the husband has remedies through contempt proceedings and/or by modification of his visitation rights. If the original rights as granted by the trial court become unworkable, modification of visitation rights may be granted. Hooper v. Hooper, 428 So.2d 115 (Ala.Civ.App.1983). It is highly advisable that the parties direct their energies toward a compliance with the spirit of the visitation order of the trial court and fully cooperate with each other in that regard, for, if that is done, the order will work to the benefit of all, but, if it is not done, the probabilities are that the parties will be before the trial court time after time to the detriment of both parties and of the children.
The trial court has broad discretion in granting visitation rights. Norrell v. Norrell, 473 So.2d 523 (Ala.Civ.App.1985); Hooper, supra. We find no abuse of discretion as to the visitation issue.
The husband testified that he is willing to maintain a $100,000 policy which insures his life, with the children to be the beneficiaries of a trust to be created from the proceeds of the policy. He also stated that he had no hesitation in keeping hospital and major medical benefits for the two children. While he had not filed any state or federal income tax returns for the years 1983,1984,1985, and 1986, the tax information is presently in the hands of a tax consultant for the preparation of those returns. The income during those years was earned exclusively by the husband, and hé expressed a willingness to pay any taxes due thereon. Because of the nature of the husband’s testimony and admissions concerning the life insurance, health insurance, and tax matters, we find no error in the judgment concerning them.
The parties married in February 1978.
The wife is trained in secretarial work and was employed before the marriage, but, allegedly at the request of the husband, she did not work outside of the home during the marriage. Since their separation she has diligently but unsuccessfully sought a job, having sent out over eighty resumes to prospective employers. The wife has no present earnings or other income. Some of the wife’s and children’s monthly expenses are: up to $200 for apartment rent when she starts to work, food $250, gasoline $60, and children’s clothing $60. She estimated that she needed monthly child support of $600.
The husband’s monthly salary is $2,000, with a net of $1,414. His debts total almost $21,000, with the monthly payments thereon being $1,170. In addition, his listed living expenses are $1,125 monthly. The wife testified that she never squandered any money and that the only loan which the husband discussed with her was a second mortgage on the home which they previously owned. She stated that the first occasion whereby she gained information that the husband had borrowed money was when various collection letters directed to him were received in the mail. The husband is being harassed for payment by his creditors and he has already been sued by some of them.
As to an award of child support, the amount and duration of periodic alimony, an equitable division of the property, and provisions for the payment of debts, the trial court is granted much latitude in the exercise of its judicial discretion, and we are not allowed to disturb the holding and findings of the trial court upon those matters unless the trial court palpably abused *55 its discretion. Further, a prolonged eviden-tiary trial was conducted before the trial court and, consequently, its final judgment is presumed to be factually correct and must be affirmed if it was supported by credible evidence and was not palpably wrong. McCain v. McCain, 446 So.2d 656 (Ala.Civ.App.1984).
It is noteworthy that the award of alimony continues for only twelve months, at which time it will cease. That allows a reasonable period of time for the wife to obtain suitable employment. She has no income at this time. The child support falls within their sworn needs. Presently, the husband is the only income-producing parent.
It is not controverted that the husband secreted some of the financial entanglements of the marriage from the wife. The debts are in the husband’s name. They constitute the primary reason for the present financial bind of the husband. The wife has no means of paying the creditors and the prospect of their payment by the husband appears to be poor. If legal relief therefrom must be sought, there is no necessity that both parties be forced to undergo that procedure. Presently, funds are not available to meet the living expenses of the wife, children, and the husband and to also make debt payments. If only the creditors on one hand or a former wife and children on the other can be paid out of a husband’s income (after his reasonable living expenses are paid), the alimony and child support must receive priority over the payment of his debts.
After considering all of the evidence and the argument of able counsel in conjunction with the ore tenus presumption, we are of the opinion that the trial court did not abuse its discretion, separately or in toto, regarding periodic alimony, child support, or any of the other payment obligations imposed upon the husband.
The husband’s last contention is that the trial court had no authority to award to either party items of personal property which belong to members of the husband’s family.
The wife testified that “we” were given some items by and from the husband’s grandmother before and after her death. When the wife left the rented marital home, she did not move the items that she felt were important to the husband, such as his grandmother’s dining room suite, a ga-teleg table, and some pictures, which items were awarded to the husband by the trial court. The parties were directed by the trial court to restore twin beds to the possession of the husband’s sister. The husband testified that, while he listed the items which he contended belonged to him, “that didn’t mean I was asking for it.”
A careful review of the husband’s brief reveals that a computer which had belonged to his father was the only item that was specifically mentioned in his argument as to this issue. That computer was awarded by the trial court to the husband.
We find no palpable abuse of discretion as to the property awards. Those awards were between these two parties only and, since none of the alleged actual owners were made parties to this litigation, the final judgment in this cause would not bar any action which such an owner might institute against the party in possession of such personal property.
The final judgment of the trial court is affirmed.
The husband shall pay $500 to the wife’s attorney for his appellate services to her.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.