Walter B. Garrett (hereinafter "Garrett") was divorced from Jean Garrett (hereinafter "first wife") on March 8, 1971, in Morgan County, Alabama. There was one child born of their marriage. Walter was later divorced from Billie Sprinkle Garrett (hereinafter "second wife") on June 20, 1990, in Mobile County, Alabama. There were no children born of this marriage.
In May 1973, the first wife filed a petition to enforce her Morgan County judgment for child support arrearage against Garrett in the Circuit Court of Mobile County. She recorded her original judgment of divorce in the Circuit Court of Mobile County in conjunction with her petition. Finally, it appears from the record that the first wife garnished Garrett's wages for child support arrearage on September 16, 1975.
On March 16, 1992, the second wife recorded her judgment of divorce in the probate office in Mobile County. At the time of the second wife's divorce, she was granted a judgment in the amount of $10,800 against Garrett for "debts and obligations."
On March 24, 1992, the first wife again garnished Garrett's wages for child support arrearage. A "Garnishee's Answer" was filed by Herbert Gordon Garrett, Executor of the Estate of Marium Hortense Garrett (Walter B. Garrett's mother), on April 9, 1992, specifically stating that he was holding a "one-sixth interest in real property located *Page 660 
on Three Notch Road," which was an interest in property inherited by Garrett upon the death of his mother. On October 16, 1992, it appears from the pleadings, an informal hearing was held, wherein the court suggested the property be sold, and $9,800, Garrett's one-sixth interest in the property, be placed in escrow pending further order of the court.
On May 18, 1992, as a result of a writ issued by the trial court, Thomas J. Purvis, Sheriff, Mobile County, executed a sheriff's deed in favor of the first wife on the interest in the land inherited by Garrett. This deed was recorded in the Probate Office of Mobile County on May 28, 1992.
Although the record does not contain a claim by the second wife, the first wife filed a "Motion to Establish and Set Priority as to the Outstanding Judgments" on October 30, 1992, and in her motion stated the second wife had also made a claim to the property of Garrett. Following a hearing, the trial court found that the first wife's child support judgment had priority over all other judgments and ordered that she be paid the amount in escrow.
The second wife appeals, asking this court to reverse the trial court, claiming her rights in the real property inherited by Garrett attached upon the recording of her judgment of divorce in the probate court; therefore, she argues that she is entitled to the money. She argues that her judgment has priority over the rights of the first wife since the first wife did not record her judgment in the probate office. Further, the interest involved here is one in land, and the first wife's sheriff's deed, which was recorded in the probate office, and would have given her a lien on the property, was recorded after the recording of the second wife's judgment of divorce. We agree.
The second wife, by filing in the probate court her judgment of divorce containing her judgment against Garrett, did all that was required to obtain a lien on Garrett's property.
 "The recording of a certificate of judgment creates a blanket lien on all of the property of the defendant that is located in the county of recordation and is subject to levy and sale. The judgment creditor's rights in the property attach upon the act of recording the certificate of judgment and have priority over all rights arising out of subsequently recorded instruments."
Smith v. Arrow Transportation Co., 571 So.2d 1003, 1006 (Ala. 1990). (Citations omitted.)
In order to obtain a lien on real property, the judgment must be filed in the probate court. The real property in this case was the subject of execution. Section 6-9-210, Code of Alabama 1975, states as follows:
 "The owner of any judgment entered in any court of this state or of the United States held in this state may file in the office of the judge of probate of any county of this state a certificate of the clerk or register of the court by which the judgment was entered."
Section 6-9-211, Code of Alabama, 1975, states in pertinent part as follows:
 "Every judgment, a certificate of which has been filed as provided in section 6-9-210, shall be a lien in the county where filed on all property of the defendant which is subject to levy and sale under execution, and such lien shall continue for 10 years after the date of such judgment. . . . The filing of said certificate of judgment, as provided in section 6-9-210, shall be notice to all persons of the existence of the lien thereby created."
As previously stated, the trial court's order stated that the first wife's child support judgment had priority over all other judgments. This court has stated that child support payments must receive priority over the payment of other debts. McLaurine v. McLaurine, 521 So.2d 53 (Ala.Civ.App. 1988). The same is true in the law of bankruptcy. Section11 U.S.C.A. § 523 states:
 "(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt —
 "(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of *Page 661 
record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement. . . ."
While this court recognizes, as in McLaurine, that current child support claims have priority over other claims, the present case deals with child support arrearage which appears from the record to have been reduced to a monied judgment. We have not yet afforded the same priority to cases of child support arrearage.
 "The law in Alabama is clear that past due installments of alimony and child support payments become a debt of record. . . . Such judgments may be collected in the same way as are other judgments.
 "Tit. 7, § 996, Code of Ala. 1940, provides that garnishment is an appropriate method of collecting a judgment."
Fletcher v. Fletcher, 56 Ala. App. 492, 493, 323 So.2d 379, 380
(Ala.Civ.App. 1975). (Citations omitted.) In the present case, we are dealing with real property, and a party must move to enforce or collect her judgment in accordance with Ala. Code 1975, §§ 6-9-210 and -211. Filing in circuit court, as the first wife did, is not sufficient to defeat the priority of the second wife's lien on Garrett's interest in the real property. Therefore, this court concludes that the second wife is entitled to the monies held in escrow.
We hereby reverse the trial court's judgment and remand with instructions to enter an order holding that the second wife's judgment has priority over the first wife's and directing that the money held in escrow be paid to the second wife.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.