This is a child custody modification case.
After an ore tenus hearing, the trial court awarded custody of the parties' three-year-old son to the father.
The mother appeals. The dispositive issue on appeal is whether the trial court abused its discretion in awarding "full" custody to the father. We find no such abuse of discretion as to require reversal and affirm.
When we view the record with the attendant presumptions accorded the actions of the trial court, the following is revealed:
The parties were divorced in January 1992. By agreement, which was incorporated into the divorce decree, joint care, custody, and control of the child was awarded to each parent. Specifically, the mother and father were to share actual physical custody.
In March 1993, the father petitioned the trial court, seeking full custody. The mother countered with a petition, wherein she also sought full custody.
As indicated, after an ore tenus hearing, the trial court awarded full custody to the father, and the mother was awarded visitation rights.
At the outset, we note that the standard of review to be applied in child custody cases is well settled. When the evidence has been presented ore tenus, the judgment of the trial court is entitled to a presumption of correctness, and such judgment will not be disturbed on appeal unless it is so unsupported by the evidence that it appears that there was clearly an abuse of the discretion of the trial court.Jenkins v. Jenkins, 541 So.2d 19 (Ala.Civ.App. 1989).
In custody cases, such as the instant case, where the parents shared joint legal and physical custody of the child and where no judicial determination had been made which vested physical custody in either parent, our supreme court has determined that the standard for review is the "best interest of the child," which places both parents on equal ground to gain "full" custody of the child. Ex parte Couch, 521 So.2d 987 (Ala. 1988).
With the above standard in mind, we do not deem it necessary to set out in detail the operative facts. However, the following is pertinent to the father's allegations in his petition to modify that there was a substantial change of circumstances: Since the divorce in January 1992, the mother has moved five or six times. She has been married two times since the divorce. She lived with her second husband only about three months.
At the time of the hearing, the mother was pregnant, and the father of the unborn child was not her current husband. In fact, the mother and her current husband had been married less than two weeks at the time of the hearing. The father of the unborn child was a man with whom she had lived while she was separated from her second husband.
The father testified that the child appeared to be affected by all of this because every time the mother would change residences or boyfriends/husbands, the child would, once again, begin wetting his pants and wetting the bed at night.
Also, since the divorce from the father, the mother has been charged with criminal conduct and has pleaded guilty to issuing eight worthless checks. Further, she has been investigated by the Department of Human Resources for child abuse. The mother was discharged from one job for fighting on company property, and she has quit two other jobs. *Page 567 
On the other hand, the father has been employed steadily as a truck driver and has remarried. He and his current wife reside in the house which the father was awarded in the divorce decree. His current wife works outside the home, and her five-year-old daughter attends the same day care that the child does. The testimony revealed that the father has a very stable home environment and that the child has a good relationship with the father's current wife.
Clearly, with the above evidence before the trial court, there was no error in granting the father's petition for full custody, with visitation rights vested in the mother. While perhaps no one incident would warrant a change in custody, clearly the totality of the circumstances dictates that the actions of the trial court were not in error. Ex parte P.G.B.,600 So.2d 259 (Ala. 1992); Burnette v. Burnette, 511 So.2d 214
(Ala.Civ.App. 1987).
In addition to the above, the mother contends that the trial court should have applied the "clean hands doctrine" in that the father was in arrears in his child support payments. The application of this doctrine in this type of case is discretionary. Lowe v. Lowe, 466 So.2d 969 (Ala.Civ.App. 1985).
Clearly, as seen from the above, the failure of the trial court to apply the doctrine in this instance would not be reversible error. Furthermore, the record is not clear as to whether the father was, in fact, in arrears.
This case is due to be affirmed.
The father's request for attorney's fees on appeal is, in view of all the circumstances, denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.