CRAWLEY, Judge.
Because the facts and the law pertaining to these two appeals are the same, this court has consolidated them on its own motion, pursuant to Rule 3(b), Ala. R.App. P.
Louise High Joe (“the wife”) and Sylvester Joe, Jr. (“the husband”), were divorced in 1992. The wife was awarded periodic alimony in the amount of $350 per month for 48 months. In 1994, the wife filed a petition to modify, alleging that she had had a stroke and was totally disabled. On November 1, 1994, the circuit court modified the husband’s periodic-alimony obligation, awarding the wife periodic alimony in the amount of $550 per month until the wife died or remarried. Thereafter, the wife moved to California to live with her adult son.
In 1995, the husband filed a petition to modify, alleging that he had retired as a civil servant and seeking to have his periodic-alimony obligation terminated or reduced. ' The wife filed a counterpetition seeking to hold the husband in contempt for nonpayment of alimony, alleging that there was an existing alimony arrearage in the amount of $6,600.
On March 25, 1997, the circuit court entered a judgment granting the husband’s petition to modify and reducing his alimony obligation to $325 per month. The circuit court found the husband in contempt for nonpayment of past-due alimony, assessed the husband’s periodic-alimony arrearage to be $12,460.10, and entered a judgment for the wife in that amount. The circuit court also awarded the wife $2,532.25 in attorney fees. The circuit court ordered the husband to pay $100 per month on the arrearage, for a total monthly alimony obligation of $425.
On March 14, 2002, in case no. DR-92-555.02, the wife’s attorney filed a writ of garnishment against the husband’s civil-servieé retirement account. For 11 months, deductions' made pursuant to the writ of garnishment were taken from the husband’s monthly retirement funds and sent to the wife’s attorney. Then, on February 18, 2003, the husband filed a motion to quash the writ of garnishment, alleging that the wife had died. On March 19, 2003, the circuit court conducted a hearing at which the husband proved that the wife had died on October 22, 1999, in Contra Costa County, California. The wife’s attorney testified that she had had no notice of the wife’s death before she filed the writ of garnishment.
On March 27, 2003, the circuit court granted the husband’s motion to quash and ordered that any moneys received pursuant to the writ of garnishment be returned to the clerk of the court within 30 days. The court’s judgment states:
“Upon the death of the [wife], the legal right to collect any debt owed to the [wife] would rest in the personal representative of her estate. The estate of the [wife] would be the real party in interest entitled to execute and collect *881 any judgment entered previously in favor of the [wife].”
On April 10, 2003, the wife’s attorney filed a petition for letters of administration on the estate of the wife. Her petition was granted and she was named administrator of the wife’s estate the same day. On April 14, - the wife’s attorney filed a post-judgment motion, seeking to have the March 27, 2003, order quashing the writ of garnishment set aside. To that motion she attached her letters of administration on the wife’s estate. On April 22, the husband moved the circuit court, in a separate action designated as case no. CV-20031050JLB, to set aside the letters of administration granted to the wife’s attorney and to remove the administration of the estate to the circuit court. On June 9, 2003, the wife’s attorney moved, pursuant to Rule 25, Ala. R. Civ. P., to substitute herself, as administrator of the wife’s estate, as a party in the garnishment action. On June 9, the circuit court denied the wife’s post-judgment motion, concluding that
“the appointment of the attorney of record for the [wife] to act as administrator of the estate of [the wife] on April 10, 2003, which occurred after the entry of the Order in -this case, does not operate to retroactively validate the Writ of Garnishment previously filed in this case by the [wife] which was quashed in the Order entered on March 27, 2003.”
On July 2, 2003, the husband moved to hold the wife’s attorney in contempt for her failure to remit to the circuit clerk, pursuant to the circuit court’s March 27, 2003, order, moneys garnished from the husband’s civil-service retirement account. The husband withdrew that motion the following day. On June 25, 2003, the wife’s attorney, acting as administrator of the. wife’s estate, filed a motion for a summary judgment in case no. CV-20031050JLB. The circuit court remanded the case to the probate court, ruling that
“in the absence of next of kin indicating an interest in serving as personal representative, Code of Alabama § 43-2-42(4) applies.[1] [The wife’s] personal representative may pursue her claim on behalf of the estate in case DR-92-555.”
On June 26, the husband’s attorneys filed in both case no. CV-2003-1050JLB and case no. DR-92-555.02 a suggestion of the husband’s death. On July 8, 2003, the wife’s attorney filed a motion pursuant to Rule 60(b), Ala. R. Civ. P., seeking to set aside the circuit court’s March 27, 2003; order and an award of attorney fees and costs pursuant to the Alabama Litigation Accountability Act, § 12-19-270 et seq., Ala.Code 1975 (“the ALAA”). The circuit court summarily denied that motion on August 13, 2003.
The wife’s attorney appealed the denial of her Rule 59 (case no. 2020992) and Rule 60(b) (case no. 2020989) motions to this court. We reverse.
The wife’s death ended the husband’s obligation to pay periodic alimony, see P. Davis & R. McCurley, Alabama Divorce, Alimony & Child Custody Horn-book § 18-10 (3d ed.1993), but it did not end the husband’s obligation to satisfy the judgment entered against him on March 25, 1997, for past-due periodic alimony in *882 the amount of $12,460.10 and an attorney fee in the amount of $2,532.25.
“ ‘The law in Alabama is clear that past due installments of alimony and child support payments become a debt of record.... Such judgments may be collected in the same way as are other judgments.
“ ‘Tit. 7, § 996, Code of Ala.1940, provides that garnishment is an appropriate method of collecting a judgment.’
“Fletcher v. Fletcher, 56 Ala.App. 492, 493, 323 So.2d 379, 380 (Ala.Civ.App.1975). (Citations omitted.)”
Garrett v. Garrett, 628 So.2d 659, 661 (Ala.Civ.App.1993).
Rule 25(a), Ala. R. Civ. P., states that “[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties.” In the present case, there is a final judgment for past-due alimony in the amount of $12,460.10 and an attorney fee in the amount of $2,532.25. A judgment is not extinguished by the death of the judgment creditor. Section 6-9-193, Ala.Code 1975, provides:
“When a plaintiff dies after the entry of a judgment in his favor and such judgment is unsatisfied, execution may issue thereon in favor of the personal representative of such deceased plaintiff, and in like manner when a judgment is entered in favor of an executor, administrator, guardian or trustee who dies, resigns, is removed, or whose authority ceases from any cause, execution may issue in favor of the successor without a revival.”
(Emphasis added.) The circuit court erred in concluding that “the appointment of the attorney of record for the [wife] to act as administrator of the estate of [the wife] on April 10, 2003, which occurred after the entry of the Order in this case, does not operate to retroactively validate the Writ of Garnishment previously filed [on March 14, 2002,] in this case.” Section 43-2-831, Ala.Code 1975, provides:
“The duties and powers of a personal representative commence upon appointment. The powers of a personal representative relate back in time to give acts by the person appointed which are beneficial to the estate occurring prior to appointment the same effect as those occurring thereafter. Prior to appointment, a person named personal representative in a will may carry out written instructions of the decedent relating to the decedent’s body, funeral, and burial arrangements. A personal representative may ratify and accept acts on behalf of the estate done by others where the acts would have been proper for a personal representative.”
(Emphasis added.) See Ogle v. Gordon, 706 So.2d 707 (Ala.1997) (holding that when a husband filed an action within two years of his wife’s death asserting a wrongful-death claim, the fact that the husband had not been appointed as the wife’s personal representative for more than two years did not bar his claim because his appointment related back to the filing of the wrongful-death claim); Estate of Jones v. State Farm Mut. Auto. Ins. Co., 829 So.2d 170, 172-73 (Ala.Civ.App.2002) (Murdock, J., concurring in the result).
The wife’s attorney argues that the circuit court also erred by failing to award her attorney fees pursuant to the ALAA.
The wife’s attorney learned of the death of the wife at a hearing on March 19, 2003. She filed for letters of administration on April 10, 2003, 22 days later, and moved for a substitution of parties in the garnishment action pursuant to Rule 25(a)(1), Ala. R. Civ. P., on June 9, 2003, 82 days later. *883 Her actions were clearly timely and expeditious. See Brown v. Wheeler, 437 So.2d 521 (Ala.1983). The circuit court erred in summarily denying her ALAA claim.
“The clear terms of § 12 — 19—271(l)t, Ala.Code 1975,] require that for an action, claim, or defense to be ‘without substantial justification’ it must be either ‘frivolous,’ ‘groundless in fact,’ ‘groundless in law,’ ‘vexatious,’ or ‘interposed for any improper purpose.’ We conclude that the terms or phrases ‘frivolous,’ ‘groundless in fact,’ ‘vexatious,’ and ‘interposed for any improper purpose’ require factual determinations that will be entitled to deference on appeal. Thus, if a trial court determines that a party’s action, claim or defense is ‘without substantial justification,’ based on the applicability of any one of these terms or phrases, that determination will not be disturbed on appeal ‘unless it is clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence.’

“However, we conclude that the phrase ‘groundless in law’ clearly calls for a legal determination. Therefore, if the trial court determines that a party’s action, claim or defense is ‘without substantial justification’ because it is ‘groundless in law,’ that determination will not be entitled to a presumption of correctness. Rather, the appellate courts of this State will test the validity of the trial court’s legal conclusion.”

Pacific Enterprises Oil Co. (USA) v. Howell Petroleum Corp., 614 So.2d 409, 418 (Ala.1993) (emphasis added and citations omitted).
The circuit court erred as a matter of law in not considering the ALAA claim. The circuit court’s judgment is reversed. The cause is remanded with instructions to allow substitution of the wife’s attorney as the wife’s personal representative, to order the release of funds being held by the clerk of the Madison Circuit Court, and to hold a hearing on the ALAA claim.
2020989 — REVERSED AND REMANDED WITH INSTRUCTIONS.
2020992 — REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.

1. Section 43-2-42(a), Ala.Code 1975, provides:
"(a) Administration of an intestate’s estate must be granted to one of the persons herein named if the person is willing to accept and satisfactory to serve in the following order:
"(1) The husband or widow.
"(2) The next of kin entitled to share in the distribution of the estate.
“(3) The largest creditor of the estate residing in this state.
"(4) Any other person as the judge of probate may appoint.”